UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>      Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION and<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS (misnamed).<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.: 05-11055DPW<br>)<br>)<br>)<br>) |

## DEFENDANT, MCDONALD'S CORPORATION'S ANSWER AND JURY DEMAND TO THE PLAINTIFF'S COMPLAINT

### PARTIES

1. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's complaint.

2. Admitted in part denied in part. The defendant admits that its principle place of business is in Oak Brook, Illinois, the defendant denies the remainder of the allegations contained in paragraph 2 of the plaintiff's complaint.

3. As the allegations contained in paragraph 3 of the plaintiff's complaint pertain to another defendant, no answer is required.

### FACTS

4. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's complaint.

6-7. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 6 and 7 of the plaintiff's complaint.

8. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's complaint.

### COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS

11. The defendant repeats and reasserts its answers to Paragraphs 1 through 10 of the plaintiff's complaint.

12. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendant denies the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The defendant denies the allegations contained in paragraph 14 of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

### COUNT II UNJUST ENRICHMENT BY THE DEFENDANTS

15. The defendant repeats and reasserts its answers to Paragraphs 1 through 14 of the plaintiff's complaint.

16. The defendant denies the allegations contained in paragraph 16 of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

### COUNT III – PAIN AND SUFFERING CAUSED BY THE DEFENDANTS

17. The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's complaint.

18a. The defendant repeats and reasserts its answers to Paragraphs 1 through 17 of the plaintiff's complaint.

18b. The defendant denies the allegations contained in paragraph 18b of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

1147934v1

## COUNT IV – VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. CH. 93A BY THE DEFENDANTS

19. The defendant repeats and reasserts its answers to Paragraphs 1 through 18 of the plaintiff's complaint.

20. The defendant denies the allegations contained in paragraph 20 of the plaintiff's complaint.

21. The defendant denies the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendant denies the allegations contained in paragraph 22 of the plaintiff's complaint.

23. The defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint.

24. The defendant denies the allegations contained in paragraph 24 of the plaintiff's complaint.

25. The defendant denies the allegations contained in paragraph 25 of the plaintiff's complaint.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed with costs to defendant.

### FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The acts complained of did not occur primarily or substantially in Massachusetts.

### THIRD DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and is not legally responsible.

### FOURTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L., Ch. 231, Section 85.

1147934v1

## FIFTH DEFENSE

By way of affirmative defense, the defendants say that the negligence of the plaintiff was greater than the alleged negligence of the defendants and that such negligence of the plaintiff contributed to her alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L., Ch. 231, Section 85.

## SIXTH DEFENSE

The plaintiff failed to satisfy conditions precedent to recovery under c. 93A.

## SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the action is precluded by the applicable statute of limitations.

## EIGHTH DEFENSE

The plaintiff failed to give requisite notice of the alleged defect.

## NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to mitigate his damages.

## TENTH DEFENSE

McDonald's Corporation did not own, operate, or control the day to day restaurant business, and the complaint against it should be dismissed.

## ELEVENTH DEFENSE

Service of process is insufficient.

## TWELFTH DEFENSE

The Court lacks subject matter jurisdiction.

**THE DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

Respectfully submitted,
The Defendant,
McDonald's Corporation,
By its attorney,

_____
William Joseph Flanagan, BBO #556598
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

1147934v1

## CERTIFICATE OF SERVICE

I, William Joseph Flanagan, hereby certify that I have this day forwarded a copy of the *Defendant, McDonald's Corporation's Answer to the Plaintiff's Complaint*, to the attorney of record for each party, by first-class mail, postage prepaid, to:

Ralph Lavin *(pro se)*
27 Haigh Avenue
Salem, NH 03079

Date: 7/8/05                    Attorney _____