UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>    Plaintiff<br>v.<br><br>MCDONALD'S CORPORATION and<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS (misnamed)<br>    Defendants. | CIVIL ACTION NO.: 05 11055 DPW |

## DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

DATE/PLACE OF CONFERENCE: August 3, 2005 BY CORRESPONDENCE

PERSONS PRESENT/REPRESENTING:

**Plaintiff:**
Ralph M. Lavin ("Lavin"), Pro Se
27 Haigh Avenue
P.O. Box 1042
Salem, NH 03079-1042

**Defendants:**
William Joseph Flannagan, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

## CASE SUMMARY

**THEORY OF LIABILITY**

Plaintiff Lavin alleges as follows:

Breach of Contract; Unjust Enrichment, Pain and Suffering, Violation of Massachusetts Consumer Protection Act as a result of the service and attempted

consumption by Lavin of a chicken fajita purchased in 2003 at an establishment in Bradford, Massachusetts which purported to be a McDonald's franchisees by displaying McDonald's indicia. The chicken fajita contained a chicken bone causing Lavin to choke and sustain pain and suffering until the chicken bone was able to be dislodged from Lavin's throat, resulting in loss of work by Lavin and further pain and suffering.

**THEORY OF DEFENSE**:
Defendants asserts as follows:

Defendants deny any Breach of Contract; Unjust Enrichment, Pain and Suffering, Violation of Massachusetts Consumer Protection Act with respect to the complaint of Lavin, and have asserted thirteen defenses, including failure to state a claim; acts did not occur primarily or substantially in Massachusetts, injuries were caused by someone else; Lavin was negligent; Lavin did not satisfy conditions of c. 93A; action barred by statute of limitations; Lavin did not give notice of the alleged defect; Lavin did not mitigate damages; McDonalds corporation does not own or control the restaurant business; insufficient service of process; the Bradford defendant is misnamed; court lacks jurisdiction

**DAMAGES:** To be determined.
**DEMAND:** September 1, 2005
**OFFER:** October 1, 2005
**JURISDICTIONAL QUESTIONS:** Defendants claim the Court lacks jurisdiction.
**QUESTIONS OF LAW:** As set forth in the parties' respective pleadings and related to Contract Law, Unjust Enrichment, Negligence and Damages, Applicability of Massachusetts Consumer Protection Act.
**TYPE OF TRIAL:** Jury

## DISCOVERY

**TRACK ASSIGNMENT:** STANDARD – 12 MONTHS

**DISCOVERY NEEDED:** Extent, basis and nature of accused injury with respect to Federal and State law, and relationship of the parties to accused injury through interrogatories and depositions

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** 09/01/05

**COMPLETION OF DISCOVERY:**

    *(1) Date all discovery complete:* 06/15/06

    *(2) If there are issues for early discovery, date for completion of discovery on those issues.* n/a

**INTERROGATORIES:**

A maximum of 50 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

A maximum of 50 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**
A maximum of 10 depositions by plaintiff(s) and 10 by each defendant.
Each deposition limited to a maximum of 6 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    **Plaintiff:** September 1, 2005    **Defendant:** October 1, 2005
    Supplementations under Rule 26(e) due *time(s) or interval(s)* – 30 days

### OTHER ITEMS

**JOINDER OF ADDITIONAL PARTIES:**

    **Plaintiff:** May 1, 2006    **Defendant:** July 1, 2006

**THIRD-PARTY ACTIONS:**    July 1, 2006

**AMENDMENT OF PLEADINGS:**

    **Plaintiff:** May 1, 2006    **Defendant:** July 1, 2006

**DISPOSITIVE MOTIONS:**

  **To Dismiss:** May 15, 2006
  **For Summary Judgment:** December 1, 2006

**SETTLEMENT POSSIBILITIES:** The parties believe that settlement possibilities may be enhanced by Alternative Dispute Resolution. The parties hereby request that the Court assign the case for mediation.

**JOINT STATEMENT RE MEDIATION:** January 1, 2006

**WITNESSES AND EXHIBITS:** Set by Clerk's Notice

**TRIAL ESTIMATE:** 5-7 days

**OTHER MATTERS:** The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

Respectfully Submitted,

**Plaintiff Pro Se**
Ralph M. Lavin
27 Haigh Avenue
P.O. Box 1042
Salem, NH 03079-1042
(603) 966-6026

Dated: 08-08-05    By: _____
Ralph Lavin

**Defendants**

By Its Attorneys

William Joseph Flannagan, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: _____    By: _____
William Joseph Flannagan,

4