UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>   Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION and<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS (misnamed).<br>   Defendants. | CIVIL ACTION NO.: 05-11055DPW |

**THE DEFENDANT, COLLEY/MCCOY MA CO.'S (misnamed McDonald's of Bradford Massachusetts) MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**

NOW COMES the defendant, Colley/McCoy MA Co. (misnamed by the plaintiff as McDonald's of Bradford Massachusetts), who hereby requests that this Honorable Court dismiss the plaintiff's complaint on the grounds that the amount in controversy does not reach the required jurisdictional amount. See 28 U.S.C. § 1332 (2005).

**I. BACKGROUND**

The plaintiff's complaint alleges that he choked on a bone found in a chicken fajita he purchased at the McDonald's Restaurant in Bradford, Massachusetts. See Attachment A, Plaintiff's Complaint. The plaintiff's claims in this case concern matters of state tort and contract law. See id. Since there are no questions of federal law, the Court's only basis of subject matter jurisdiction is diversity of citizenship. See 28 U.S.C. § 1332 (2005). The plaintiff identifies himself as a resident of New Hampshire. See Attachment A. The defendant McDonald's Corporation is a Delaware corporation with its principal place of business in Illinois. The defendant Colley/McCoy MA Co. is a Massachusetts partnership. While there appears to be complete diversity between the parties, as is required by 28 U.S.C. § 1332, the

973295v1

defendant, Colley/McCoy MA Co., contends that the plaintiff has failed to identify damages in excess of the $75,000.00 jurisdictional threshold.

It is clear from the complaint and from the plaintiff's own statements to the Court at the recent Scheduling Conference, that this matter principally concerns claims for unliquidated damages for pain, suffering, and emotional distress. By his own statements to the Court, the plaintiff acknowledges that he sought no medical treatment following the alleged choking incident. Furthermore, the plaintiff has represented that his lost wage claim is for less than one full day of work. While the plaintiff represented to the Court that he is seeking $1,000,000.00 in compensation, he acknowledged that this amount is almost exclusively for the emotional distress he sustained from the six seconds that he alleges he was unable of breath.

The defendant, Colley/McCoy MA Co., contends that no one versed in tort and contract law could possibly expect the plaintiff's claims in this case to exceed the jurisdictional threshold of $75,000.00. See, e.g., Jimenez Puig v. Avis Rent-a-Car Sys., 574 F.2d 37, 40 (1st Cir. 1978). The defendant, therefore, move pursuant to F.R.C.P. 12(b)(1) that this matter be dismissed for lack of subject matter jurisdiction.

## II.    ARGUMENT

When a jurisdictional threshold exists, the federal court must determine whether the matter in controversy in the case before it exceeds that amount. Indeed, federal courts are obligated to inquire into subject matter jurisdiction whenever it may be lacking. See Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted); see also Fed.R.Civ.P. 12(h)(3). In response to this obligation, federal courts have developed the so-called "legal-certainty test." See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). Under this test, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the

973295v1

plaintiff controls if the claim is apparently made in good faith." See id. A case will only be dismissed under this test, if it appears to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount. See id. There is no question that this is a liberal test. See, e.g., Bell v. Preferred Life Assurance Society, 320 U.S. 238 (1943). "This does not mean, however, that Federal Courts must function as small claims courts." Burns v. Anderson, 502 F.2d 970, 971 (5th Cir. 1974) (motor vehicle tort action involving broken thump, $250 in medical expenses and $300 in lost wages, dismissed despite the plaintiff's allegations of pain and suffering in excess of the jurisdictional threshold). "[A]n exaggerated or frivolous allegation of amount which is without foundation will not serve to provide jurisdiction." Holzsager v. Warburton, 452 F. Supp. 1267, 1274 (D.N.J.1978).

The legal-certainty test presents an objective standard, as the plaintiff's good faith in alleging subject matter jurisdiction will not save the action if it appears to a legal certainty that the requite amount cannot be recovered. See, e.g., Tongkook American, Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994); Wiggins v. North Am. Equitable Life Assurance Co., 644 F.2d 1014 (4th Cir. 1981); Jimenez Puig, 574 F.2d at 37. The First Circuit has held that the proof offered by the plaintiff must persuade the Court that someone familiar with the applicable law could objectively find the claim worth more than the jurisdictional minimum, otherwise dismissal must follow. See Jimenez Puig, 574 F.2d at 40[1]; see also Rosenboro v. Kim, 994 F.2d 13 (D.C. Cir. 1993) (lower court's dismissal of plaintiff's claims was

---

[1] The evidence in this case, viewed most favorable to the plaintiff, established that he suffered brief embarrassment at the Avis counter and some residual anger at the way in which he had been treated. . . . This is not to say that the plaintiff acted in deliberate bad faith. Plaintiff may have felt that the insult fully warranted the $15,000 claimed. *The question, however, is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth $10,000* [the applicable jurisdictional threshold at the time]. The answer seems clearly in the negative.

Jimenez Puig v. Avis Rent-a-Car Sys., 574 F.2d 37, 40 (1st Cir. 1978)(emphasis added).

appropriate where her medical expenses totaled only $2,130, she did not allege permanent injury, lost wages or property damage, and there was no evidence to justify an award for pain and suffering sufficient to met the jurisdictional threshold); see also Christensen v. Northwest Airlines, Inc., 633 F.2d 529 (D.C. Hawaii 1980) (case dismissed as plaintiff's claims of emotional distress from the rude and discourteous conduct of the defendant's employees could not sustain a judgment in excess of the jurisdictional threshold).

By any objective standard, the plaintiff in the present matter cannot possibly expect to recover an amount even approaching the jurisdictional threshold.  Even if we assume the plaintiff presents a valid claim under M.G.L. c. 93A, entitling him to treble damages, actual damages in this matter would have to exceed $25,000 for the jurisdictional threshold to be exceeded.  The defendant contends that it is a legal certainty that the plaintiff's actual damages do not meet such a level.

The plaintiff has acknowledged that his lost wage claim is for less than a single lost day of work.  The plaintiff's acknowledges that he has incurred no medical expenses as a result of the subject incident.  As for recovery under the plaintiff's unjust enrichment claim, that would be limited to the price he paid for the chicken fajita.  See Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co., 534 F. Supp. 340, 347 (D. Mass. 1982), quoting 66 Am. Jur. 2d Restitution and Implied Contracts § 3 (1962) (Unjust enrichment is defined as the "retention of money or property of another against the fundamental principles of justice or equity and good conscience.").  Upon information and belief, the price of a chicken fajita at McDonald's is typically $0.99.  Therefore, in order for jurisdiction to lie in this matter, the plaintiff's unliquidated damages for pain, suffering, and emotional distress would have to be greater than his liquidated damages by a factor of one, possibly two, hundred.  Any jury verdict in this case that even approached the jurisdictional threshold would justify a remittitur.  See Nelson v.

4

Brinkley, 451 F.2d 289 (3d Cir. 1971) (lower court's dismissal of motor vehicle tort action involving minor soft tissue injuries and no lost wages was appropriate as a jury verdict in excess of the jurisdictional threshold would have justified a remittitur).

### III.   CONCLUSION

The defendant, Colley/McCoy MA Co., contends that no one versed in personal injury law could objectively conclude that the plaintiff's claims in this matter exceed the $75,000.00 jurisdictional threshold required in diversity cases.  See Jimenez Puig, 574 F.2d at 40.

WHEREFORE, the defendant respectfully requests that this matter be dismissed for lack of subject matter jurisdiction.

### REQUEST FOR ORAL ARGUMENT

The defendant believes that oral arguments may assist the Court with its ruling on this motion.  Therefore, pursuant to Local Rule 7.1(D), the defendant requests that a hearing for such arguments be scheduled at a time convenient for the Court.

Respectfully Submitted,
The Defendant,
Colley/McCoy MA Co.,
By and through its attorneys,


/s/ *Curtis L.S. Carpenter*
_____
William J. Flanagan BBO No. 556598
Curtis L.S. Carpenter BBO No. 657358
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02110
617-737-8829

Dated: September 9, 2005

973295v1

**CERTIFICATE OF SERVICE**

    I, Curtis L.S. Carpenter hereby certify that I have this day forwarded a copy of the above document, to the *pro se* plaintiff, by first-class mail, postage prepaid, to:

Mr. Ralph Lavin<br>
27 Haigh Avenue<br>
Salem, NH 03079-1042

Date:_____  Attorney:_____

973295v1

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>        Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION and<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS (misnamed).<br>        Defendants. | CIVIL ACTION NO.:  05-11055DPW |

## AFFIDAVIT OF COMPLIANCE WITH LOCAL RULE 7.1

I, Curtis L.S. Carpenter, attorney for the defendant, Colley/McCoy MA Co. (misnamed by the plaintiff as McDonald's of Bradford Massachusetts), hereby certifies that I have conferred with the *pro se* plaintiff in this matter, in a good faith attempt to resolve or narrow the issues of dispute raise in the accompanying motion, in accordance with Local Rule 7.1.  Prior to serving the defendant's motion to dismiss, I wrote the plaintiff on September 2, 2005 and further telephoned the plaintiff on September 9, 2005 in an effort to resolve and narrow the issues between the parties regarding same.  Despite these good faith efforts, the issues presented by this motion to dismiss remain unresolved.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9TH DAY OF SEPTEMBER, 2005.

/s/ *Curtis L.S. Carpenter*
_____
Curtis L.S. Carpenter BBO #657358
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02110
(617) 439-7500

973444v1

**CERTIFICATE OF SERVICE**

  I, Curtis L.S. Carpenter hereby certify that I have this day forwarded a copy of the above document, to the *pro se* plaintiff, by first-class mail, postage prepaid, to:

Mr. Ralph Lavin
27 Haigh Avenue
Salem, NH 03079-1042

Date:_____     Attorney:_____

973444v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MASSACHUSETTS

DOCKET NO.

**05 11055 DPW**

| | |
|---|---|
| Ralph Lavin,            ) | |
|      Plaintiff     ) | COMPLAINT AND JURY DEMAND |
| v.                              ) | |
|                                    ) | RECEIPT # 64411 |
| McDonald's Corporation and  ) | AMOUNT $ 250.00 |
| McDonald's of Bradford, Massachusetts ) | SUMMONS ISSUED 2 |
|      Defendants.  ) | LOCAL RULE 4.1 ✓ |
|                                    ) | WAIVER FORM ✓ |
|  | MCF ISSUED ✓ |
| MAGISTRATE JUDGE MBB     **PARTIES** | BY DPTY. CLK. M.P. |
|  | DATE 5/19/05 |

1. The Plaintiff, Ralph Lavin ("Lavin"), is an individual residing at 27 Haigh Avenue, Salem, New Hampshire 03079.

2. The Defendant, McDonald's Corporation ("McDonald's"), is believed to be a corporation of Illinois having its headquarters McDonald's Plaza, Oak Brook, Illinois 6052.

3. The Defendant, McDonald's of Bradford ("Bradford") is a franchisee of McDonald's and has a place of business at 53 South Main Street, Bradford, Massachusetts 01830.

**FACTS**

4. On or about May 23, 2003 at 10:35 am, Lavin went to the Bradford drive-through and decided to get something to eat after working on a painting job in the Town of Bradford.

5. Lavin ordered two McChicken sandwiches with cheese, one chicken fajita and one small fry, and then drove back to his Job site in the Town of Bradford. When he started to chew the chicken fajita, he started to choke.

2

6.-7.  Lavin had to wait 20 Minutes before he was able to regain his composure, He then went back to Bradford and spoke to the manager, Mike Chambers ("Chambers") about the incident.

8.  Chambers took down all of the information that Lavin supplied concerning the incident.

9.  The following day, Lavin received a call from someone who said he was calling on behalf of McDonald's, and wanted Lavin to mail the chicken bone to his office. The caller did not identify himself or leave his address.

10.  On August 13, 2003 a Article 93A letter was sent to Bradford by Certified Mail 7001 1940 0001 5088 4127 but no response has been received to date.

### COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS

11.  Lavin incorporates by reference paragraphs 1-10, supra.

12.  Lavin made purchases from the Defendants on the basis that he would be provided with wholesome food.

13.  The Defendants failed and neglected to provide Lavin with wholesome food and, as a result, have breached their contract with the Plaintiff.

14.  As a result of the Defendant's breach of contract with Lavin, he has suffered damages.

### COUNT II – UNJUST ENRICHMENT BY THE DEFENDANTS

15.  Lavin incorporates by reference paragraphs 1-14, supra.

16.  The foodstuffs supplied by and on behalf of the Defendants were not wholesome with the result that they have been unjustly enriched.

### COUNT III – PAIN AND SUFFERING CAUSED BY THE DEFENDANTS

17.  The actions by and on behalf of the Defendants have cause unjustified pain and suffering to Lavin.

## COUNT IV–LOSS OF TIME FROM WORK

18.A   Lavin incorporates by reference paragraphs 1-17, supra.

18.B   Because of the actions by or on behalf of the Defendants, Lavin has lost time from work.

## COUNT V– VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, MK.G.L.CH.93A BY THE DEFENDANTS

19.   Lavin incorporates by reference paragraphs 1-18, supra.

20.   At all times material to this action the Defendants have been engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A § 2 and 9.

21.   The actions of the Defendants described in Counts I, II, III and IV constitute unfair or deceptive acts or Practices in violation of Mass. Gen. Laws c. 93A § 2. Moreover the actions of the Defendants constitute knowing and willful violations of Mass. Gen. Laws c. 93A § 9.

22.   As a result of the Defendants' actions, Lavin has suffered and continues to suffer loss of money and property

23.   On or about August 13, 2003 the Defendants were sent a Notice of action under Massachusetts General Laws, Chapter 93A.

24.   After thirty (30) days from the date of the letter to the Defendants, Lavin has never received a written response from the Defendants for a reasonable offer of settlement of Lavin's claims.

25.   As a result of the Defendants knowing and willful violation of th Massachusetts Consumer Protection Act, in violation of Mass. Gen. Laws Chapter 93A, the Plaintiff has suffered damages.

## CLAIMS FOR RELIEF

WHEREFORE, Lavin requests that this Honorable Court grant him the following relief:

   a. That as to Count I, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

   b. That as to Count II, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees

c. That as to Count III, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

d. That as to Count IV, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

e. That as to Count V, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees and if this Court determines that the Defendant's conduct was knowing and willful enter judgment against the Defendant in an amount that doubles or triples Lavin's actual damages in accordance with M.G.L. C. 93A § 9.

f. That the Court Order any and further relief it deems necessary and Proper under the circumstances.

JURY DEMAND

Lavin hereby demands a jury trial on all issues in this action properly triable by a jury

Respectfully submitted,

Dated: May 19, 2005

*Ralph Lavin* (signature)
Ralph Lavin
27 Haigh Ave.
Salem, NH 03079
(603) 966-6026