UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

RALPH LAVIN,                          )
    Plaintiff,                    )
                                      )
                                      )
MCDONALD'S CORPORATION and            )    CIVIL ACTION NO.: 05-1 1055DPW
COLLEY/MCCOY MA CO. dba               )
MCDONALD'S OF BRADFORD,               )
MASSACHUSETTS , John Collins          )
and Richard McCoy,                    )
    Defendants.                   )
                                      )

## OPPOSITION BY THE PLAINTIFF, RALPH LAVIN, TO THE DEFENDANT, COLLEY/MCCOY MA CO.'S (DBA McDonald's of Bradford Machusetts) MOTION TO DISMISS UNDER F.R.C.P 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

**NOW** COMES the plaintiff, Ralph Lavin ("Lavin"), who hereby requests that this Honorable Court deny Defendant's Motion to Dismiss Lavin's complaint on the ground that the amount in controversy does not reach the required jurisdictional amount. See 28 U.S.C. § 1332.

### I. BACKGROUND

As acknowledged by the Defendant, Lavin's complaint alleges that he choked on a bone found in a chicken fajita purchased at a McDonald's Restaurant in Bradford, Massachusetts. See Lavin's Report of Planning Meeting filed with the Court at the Scheduling Conference on August 30, 2005. However, at the Scheduling Conference, Lavin amplified the factual situation by pointing out that it was necessary to have a Heimlich Maneuver used to dislodge the chicken bone and prevent further chocking and possible death. It is a matter of common knowledge that such choking can lead to death unless arrested.

At the Scheduling Conference, the Defendant, doing business under the McDonald's Federally registered trademark objected that it had been misnamed, and asked to have the

1

designation "McDonald's of Bradford" changed to "Colley/McCoy MA Co." This has been done by an amended complaint sent to the Court on September 9, 2005.

As acknowledged by the Defendant, Lavin's claims in this case concern matters of Common Law state tort and contract law. However, in view of the suggestion by opposing counsel at the Scheduling Conference that the franchisor, McDonald's Corporation of Illinois and Chicago, is not responsible for the goods of its licensee, sold under the Federally registered trademark "McDonalds", the amended complaint also includes a count for violation of the Federal Lanham Act.

Consequently, there is now a question of federal law, as well as subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332 (2005). The Defendant states that "plaintiff identifies himself as a resident of New Hampshire", with reference to a copy of the complaint that is Attachment A of the Defendant's Motion to Dismiss. The defendant McDonald's Corporation is a Delaware corporation with its principal place of business in Illinois. The defendant Colley/McCoy MA Co. has now been identified as a Massachusetts partnership, whose partners are not identified, but are believed to be John Collins and Richard McCoy.

Since there appears to be complete diversity between the parties, as is required by 28 U.S.C. § 1332, the defendant, Colley/McCoy MA Co., objects that Lavin has failed to identify damages in excess of a $75,000.00 alleged jurisdictional threshold.

In this case **both sides have requested a jury trial**. Consequently, the matter of the damages to be awarded by a jury cannot be prejudged since it is the jury's evaluation of Lavin's injury and associated suffering that will control. It cannot be assumed that a damage award would be below $75,000 just because "this matter principally concerns claims for unliquidated damages for pain, suffering, and emotional distress." Defendant's Motion, page 2.

As to Lavin's pain and suffering, it is irrelevant that "he sought no medical treatment following the alleged choking incident.' Likewise, it is irrelevant to Lavin's pain and suffering that his lost wage claim is for less than one full day of work.

Lavin believes that the gross negligence of the defendants resulted in pain and suffering for which he is seeking $1,000,000.00 compensation. He acknowledged that this amount is almost exclusively for the emotional distress he sustained from the time he was unable of breath and faced death

While the defendant, Colley/McCoy MA Co., contends "that no one versed in tort and contract law could possibly expect the plaintiffs claims in this case to exceed a threshold of $75,000.00", no evidence is provided that someone facing death because of chocking due to gross negligence could not expect to exceed such a threshold.

Lavin, therefore, asks that the Defendant's motion pursuant to F.R.C.P. 12(b)(l) that this matter be dismissed for lack of subject matte jurisdiction BE DENIED.

**II.   ARGUMENT**

### A. Lavin's Claim Could Be Worth More than $75,000

Lavin agrees that when a proper jurisdictional threshold exists, the Federal Court must determine whether the matter in controversy is within that threshold.

In this case the Defendant contends that the jurisdictional threshold is $75,000. Indeed, federal courts are obligated to inquire into the question of jurisdiction whenever it may be alleged to be lacking. Fitzgerald v. Seaboard Sys. R.R.. Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted); see also Fed.R.Civ.P. 12(h)(3).

In response to the obligation to inquire into jurisdiction, federal courts have developed a "legal-certainty test." St. Paul Mercury Indem. Co. v. Red Cab Co., 303

U.S. 283, 8-89 (1938). Under this test, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, **the sum claimed by the plaintiff controls if the claim is apparently made in good faith**." Emphasis added. A case will only be dismissed under this test, if it appears to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount. "There is no question that this is a liberal test. See, e.g. Bell v. Preferred Life Assurance Society, 320 U.S. 238 (1943)."

To support its contention that Lavin's claim that "it appears to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount", the Defendant cites Bums v. Anderson, 502 F.2d 970, 971 (5th Cir. 1974) which is said to be a motor vehicle tort action involving broken thump [sic], $250 in medical expenses and $300 in lost wages, dismissed despite the plaintiff's allegations of pain and suffering in excess of the jurisdictional threshold. How can this apply to Lavin's case where a grossly negligent chicken bone was in a McDonald 'sfajita that cause chickong loss of consciousness and possible death.

Contrary to Holzsager v. Warburton, 452 F. Supp. 1267, 1274 (D.N.J.1978), Lavin's case is not "[A]n exaggerated or frivolous allegation of amount which is without foundation will not serve to provide jurisdiction."

How can it be said that pain and suffering resulting from choking on a chicken bone, with oss of consciousness and facing possible death "appears to a legal certainty that the requite amount cannot be recovered. See, e.g., Tongkook American, Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994); Wiggins v. North Am. Equitable Life Assurance Co., 644 F.2d 1014 (4th Cir. 1981); 574 F.2d at 37.

Although the First Circuit has held that the proof offered by the plaintiff must persuade the Court that someone familiar with the applicable law could objectively find the claim worth more than the jurisdictional minimum, otherwise dismissal must follow.

This is not a case like Jimenez Puig v. Avis Rent-a-Car Sy~, 574 F.2d 37, 40 (1st Cir. 1978) where the evidence in this case, viewed most favorable to the plaintiff, established that he suffered brief embarrassment at the Avis counter and some residual anger at the way in which he had been treated. ...This is not to say that the plaintiff acted in deliberate bad faith. Plaintiff may have felt that the insult fully warranted the $15,000 claimed. *The question, however, is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth $10,000* [the applicable jurisdictional threshold at the time]. This is a case where that pain and suffering resulting from choking on a chicken bone, with oss of consciousness and facing possible death e answer seems clearly in the negative.

This also is not a case like Rosenboro v. Kim, 994 F.2d 13 (D.C. Cir. 1993) where there was no evidence to justify an award for pain and suffering sufficient to met the jurisdictional threshold); nor is this like Christensen v. Northwest Airlines, Inc., 633 F.2d 529 (D.C. Hawaii 1980) (case dismissed as plaintiffs claims of emotional distress from the rude and discourteous conduct of the defendant's employees could not sustain a judgment in excess of the jurisdictional threshold).

By any objective standard, the plaintiff in the present matter could possibly expect to recover an amount even exceeding the jurisdictional threshold. In addition, if Lavinb f presents a valid claim under M.G.L. c. 93A, he will be entitled to treble damages  The defendant cannot contends that it is a legal certainty that the Lavin's  actual damages do not meet such a level.

Lavin does not agree that his unjust enrichment claim would he limited to the price he paid for the chicken fajita. Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co., 534 F. Supp. 340, 347 (D. Mass. 1982), quoting 66 Am. Jur. 2d Restitution and Implied Contracts § 3 (1962) (Unjust enrichment is defined as the "retention of

money or property of another against the fundamental principles of justice or equity and good conscience."). The unjust enrichment applies to all merchandise sold by the Defendant with possible contamination of the kind that resulted in the inclusion of a chicken bone in a sandwich. The full extent of this possible contamination will have to the subject of discovery.

This also is not like the situation in Nelson v.Brinkley, 451 F.2d 289 (3d Cir. 1971) where the lower court's dismissal of motor vehicle tort action involving minor soft tissue injuries and no lost wages was appropriate as a jury verdict in excess of the jurisdictional threshold would have justified a remittitur.

### B. The Appropriate Jurisdictional Limit in This case for the Common Law Counts of the Complaint is Twenty ($20) Dollars

Under the Constitution of the United States, which is the Supreme Law of the Land, "In suits at common law, where the value in controversy shall exceed **twenty dollars**, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.". Surely the amount in controversy here exceeds twenty dollars. Amendment VII of the United States Constituion.

Any attempt to impose a higher jurisdictional limit would violate the Constitution of the United States

### C. Title 28 Provides for Cases where It is Not Clear Whether a Jurisdicitonal Limit is Met

**1332. Diversity of citizenship; amount in controversy; costs**          *Release date: 2004-10-27*

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
    (1) citizens of different States . . . . . . . . ;

6

> **(b)** Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

Accordinlgy, the monetary threshold of $75,000 is not a purely jurisdiction limit. If were, any case where the recovery was less than $75,000mwould have to be dismissed for lack of jurisdiction as determined by an award less than the $75,000 threshold

In this case if Lavin's award is less than $75,000, the district court may deny costs to Lavin and, in addition, may impose costs on Lavin.

### D. The Monetary Threshold of Title 28 Appears to be Waivable, and Has Been Waived in this Case.

As noted above, the Court can still have jurisdiction if a monetary award is less than $75,000. In such a case the monetary award has been waived. A waiver has also taken place in this case. The Defendants waived any reliance on a $75,000 threshold by not raising it at the time of their answer.

### E. The Amended Complaint Charges the Defendants with Violation of the Federal Lanham Act for Which There is no Threshold Amount

For cases which claim a violation of the federal Lanham Act no monetary jurisdictional limit applies. This is such a case by virtue of the recitation of a Lanham Act violation in the Amended Complaint

\III.  **CONCLUSION**

Lavin contends that no one versed in personal injury law could objectively conclude that the plaintiffs claims in this matter cannot exceed a $75,000.00 juriscdictional threshold of diversity cases.

In addition to avoid a violation of the Seventh Amendement of the United States Constitution the appropriate juridcitional limit is $20.00, not $75,000.

Title 28, Section 32 recognizes that jurisdiction may can be appropriate if a jurisdicitional limit is in doubt because §1332 provides that the Court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff if a recovery is below the $75,000 threshold.

The defendants have waived any monetary threshold by failing to rely upon it in their response to Lavin's complaint.

Finally this case includes a Lanham Act count for which no monetary threshold is required.

WHEREFORE, Lavin respectfully requests that the Defendant's Motion for Dismissal for lack of subject matter jurisdiction be denied

**NO NEED FOR ORAL ARGUMENT**

While the Defendant believes that oral arguments may assist the Court with its ruling on this motion, Lavin believes that the issues have been clearly presented in the briefs and that oral argument would be superfluous so that there is no need, pursuant to Local Rule 7.1(D), that a hearing for such arguments be scheduled at a time convenient for the Court.

Respectfully Submitted,

Ralph Lavin
27 Haigh Avenue
P.O. Box 1042
Salem, NH 03 079-1042

603-966-6026                                                                            Dated : September 23, 2005

## CERTIFICATE OF SERVICE

I, Ralph Lavin hereby certify that I have this day forwarded a copy of the above document, to the following, by first-class mail, postage prepaid, to:

> William J. Flanagan BBO No. 556598
> Curtis L.S. Carpenter BBO No. 657358
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA 02110
> Attorneys for the Defendant,
> Colley/McCoy MA Co

Date: 9/23 /05

_____
Ralph Lavin