UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>      Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION and<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS (misnamed).<br>      Defendants. | CIVIL ACTION NO.: 05-11055DPW |

**THE DEFENDANT, COLLEY/MCCOY MA CO.'S (misnamed McDonald's of Bradford Massachusetts) OPPOSITION TO THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S MOTION TO DISMISS**

NOW COMES the defendant, Colley/McCoy MA Co. (misnamed by the plaintiff as McDonald's of Bradford Massachusetts), which hereby states its opposition to the plaintiff's motion to strike the defendant's motion to dismiss for failure to comply with Local Rule 7.1.

1. Contrary to the assertion's of the plaintiff, the defendant's motion to dismiss pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction was accompanied by a valid affidavit filed pursuant to Local Rule 7.1. A copy of this affidavit is attached hereto as Exhibit 1.

2. On September 2, 2005 counsel for the defendant forwarded a letter to the plaintiff which clearly stated, "I write today so as to advise you that we will be filing a motion to dismiss this case for lack of subject matter jurisdiction." Contrary to the plaintiff's allegations, this letter does not say that counsel "had" filed a motion to dismiss. A copy of the September 2, 2005 letter is attached hereto as Exhibit 2.

3. Furthermore, prior to filing the defendant's motion to dismiss, counsel for the defendant telephoned the plaintiff on September 9, 2005 in an effort to resolve the issues presented by the defendant's proposed motion to dismiss. Counsel for the defendant stands by the affidavit he filed in this matter as being entirely accurate, and in full compliance with Local

974856v1

Rule 7.1. The defendant's continued refusal to voluntarily dismiss this matter is evidence that the parties have been unable to resolve the issues presented by the defendant's motion to dismiss.

WHEREFORE, the defendant, Colley/McCoy MA Co. requests that this Honorable Court deny the plaintiff's motion and further requests that it proceed to a hearing on the defendant's underlying motion.

        Respectfully Submitted,
The Defendant,
Colley/McCoy MA Co.,
By and through its attorneys,

/s/ *Curtis L.S. Carpenter*
_____
William J. Flanagan BBO No. 556598
Curtis L.S. Carpenter BBO No. 657358
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02110
617-737-8829

Dated: September 28, 2005

974856v1

## CERTIFICATE OF SERVICE

    I, Curtis L.S. Carpenter hereby certify that I have this day forwarded a copy of the above document, to the *pro se* plaintiff, by first-class mail, postage prepaid, to:

Mr. Ralph Lavin<br>
27 Haigh Avenue<br>
Salem, NH 03079-1042

Date:  September 28, 2005          Attorney:      /s/ *Curtis L.S. Carpenter*

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>　　　　Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION and<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS (misnamed).<br>　　　　Defendants. | CIVIL ACTION NO.: 05-11055DPW |

### AFFIDAVIT OF COMPLIANCE WITH LOCAL RULE 7.1

I, Curtis L.S. Carpenter, attorney for the defendant, Colley/McCoy MA Co. (misnamed by the plaintiff as McDonald's of Bradford Massachusetts), hereby certifies that I have conferred with the *pro se* plaintiff in this matter, in a good faith attempt to resolve or narrow the issues of dispute raise in the accompanying motion, in accordance with Local Rule 7.1. Prior to serving the defendant's motion to dismiss, I wrote the plaintiff on September 2, 2005 and further telephoned the plaintiff on September 9, 2005 in an effort to resolve and narrow the issues between the parties regarding same. Despite these good faith efforts, the issues presented by this motion to dismiss remain unresolved.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9TH DAY OF SEPTEMBER, 2005.

/s/ *Curtis L.S. Carpenter*
_____
Curtis L.S. Carpenter BBO #657358
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02110
(617) 439-7500

973444v1

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Curtis L. S. Carpenter
Direct Dial: 617-439-7589
Direct Fax: 617-342-4841
ccarpenter@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

RHODE ISLAND
PROVIDENCE

CONNECTICUT
HARTFORD
NEW YORK
NEW YORK
NEW JERSEY
PARSIPPANY
ENGLAND
LONDON

September 2, 2005

Mr. Ralph Lavin
27 Haigh Avenue
Salem, NH 03079-1042

Re: **Ralph Lavin v. McDonald's Corp. and McDonald's of Bradford, Massachusetts**
   Docket No.: 05 11055DPW
   Date of Loss: 05/23/03
   Our File No.: 10019020

Dear Mr. Lavin:

As you are aware, this office represents McDonald's Corporation and its franchisee in the above-entitled matter, which you have filed in U.S. District Court for the District of Massachusetts. I write today so as to advise you that we will be filing a motion to dismiss this case for lack of subject matter jurisdiction. As was noted at the recent scheduling conference held in this matter, we are unconvinced that, even if your allegations where proven true, the damages in this matter could exceed the jurisdictional threshold of $75,000.00.

Beyond the question of jurisdiction, we also note that McDonald's Corporation is not a proper defendant in this matter, and that the subject franchise has been misnamed in your complaint. Your complaint alleges damages for an injury sustained at the McDonald's restaurant located at 53 South Main Street in Bradford, Massachusetts.

At all times relevant to this litigation, the subject McDonald's restaurant was owned and operated by Colley/McCoy MA Co. pursuant to a franchise agreement with McDonald's Corporation. McDonald's Corporation does not own or operate the business nor does it have any right to hire, discharge, or discipline employees, pay utilities, sell any products, or supply any products. I have enclosed for your review a copy of an affidavit attesting to these facts from Robert Johnson, senior counsel of McDonald's Corporation. We therefore ask that you voluntarily dismiss McDonald's Corporation from this matter and amend you complaint to properly identify the franchisee as Colley/McCoy MA Co.

Thank you for your attention to this matter.

973111v1

**MORRISON MAHONEY LLP**

Mr. Ralph Lavin
September 2, 2005
Page 2

Very truly yours,

Curtis L.S. Carpenter

WJF/CLSC/cc
Enclosure

973111v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | NO. 05 11055 DPW |
| ) | |
| McDONALD'S CORPORATION and ) | |
| McDONALD'S OF BRADFORD, ) | |
| MASSACHUSETTS, ) | |
| ) | |
| DEFENDANTS. ) | |

## AFFIDAVIT

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Robert Johnson, who, after being sworn, deposes and states that the statements set forth below are true and correct and based upon his personal knowledge gained through file reviews and investigation of McDonald's employees. The statements contained in this Affidavit are true as of this date and were true on May 23, 2003.

1.  My name is Robert Johnson. I am employed by McDonald's Corporation as Senior Counsel, and I am authorized to give this affidavit on behalf of McDonald's Corporation.

2.  The plaintiff brought a lawsuit against McDonald's Corporation alleging damages for an injury sustained at the McDonald's restaurant located at 53 South Main Street, Bradford, Massachusetts on May 23, 2003.

3.  McDonald's Corporation does not own the business specified above.

4.  McDonald's Corporation does not operate the business specified above.

5.  McDonald's Corporation does not, nor does it have the right to, hire, discharge or discipline employees of the business specified above.

6.  McDonald's Corporation does not pay the utilities for the business specified above.

7.  McDonald's Corporation does not sell any products at the business specified above.

8.  McDonald's Corporation does not supply any products to the business specified above.

9.  McDonald's Corporation does not own or operate any business which supplies products to the business specified above.

10. McDonald's Corporation does not, nor does it have the right to, control the day-to-day activities necessary to carrying on the business operations of the restaurant specified above.

11. At the time of the alleged incident, the restaurant business specified above was owned and operated by Colley/McCoy MA Co. pursuant to the terms of a franchise agreement dated September 22, 1990.

This the 14th day of June, 2005

Robert Johnson

Sworn to and subscribed before me, this the 14th day of June, 2005

Elizabeth Pudark
Notary Public

My Commission Expires:

OFFICIAL SEAL
ELIZABETH PUDARK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/05/08