UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.

05 11055 DPW

| | |
|---|---|
| Ralph Lavin,<br>    Plaintiff<br>v.<br><br>McDonald's Corporation ;<br>Colley/McCoy MA Co., aka McDonald's<br>of Bradford, Massachusetts; Peter Napoli<br>Sal Napoli, Richard McCoy and<br>Golden Arch, Inc.,<br><br>    Defendants. | AMENDED<br>COMPLAINT AND JURY DEMAND |

## PARTIES

1. The Plaintiff, Ralph Lavin ("Lavin"), is an individual residing at 27 Haig Avenue, Salem, New Hampshire 03079.

2. The Defendant, McDonald's Corporation ("McDonald's"), is believed to be corporation of Delaware having its headquarters McDonald's Plaza, Oak Brook Illinois 6052.

3. The Defendant, Colley/McCoy MA Co., ("Colley/McCoy") has been identified by opposing counsel as the proper party, a general partnership under the laws of the Commonwealth of Massachusetts, identified in the original complaint as McDonald's of Bradford ("Bradford").

4. Bradford is believed to hold itself out as a franchisee of McDonald's, operating under the trademarks and service marks of McDonalds and has a place of business at 53 South Main Street, Bradford, Massachusetts 01830.

5. Peter Napoli has been identified by opposing counsel as a partner of Colley/McCoy and a resident of Massachusetts.

6. Sal Napoli has been identified by opposing counsel as a partner of Colley/McCoy and a resident of Massachusetts.

7. Golden Arch, Inc. has been identified by opposing counsel as a partner of Colley/McCoy and a Delaware Corporation with its principal place of business at One McDonald's Plaza, Oak Brook, Illinois.

8. Richard McCoy is a former partner with Colley/McCoy, but was a partner on th Date of Loss by Lavin, acknowledged to be 05/23/03.

**FACTS**

9. On or about May 23, 2003 at 10:35 am, Lavin went to the Bradford drive-through and decided to get something to eat after working on a painting job in the Town of Bradford.

10. Lavin ordered two McChicken sandwiches with cheese, one chicken fajita and one small fry, and then drove back to his Job site in the Town of Bradford. When he started to chew the chicken fajita, he started to choke.

11. Lavin lost consciousness and it was necessary to have a Heimlich maneuver applied in order to dislodge the chicken bone and restore consciousness

12. Lavin, suffering pain from the disgorgement of the chicken bone, had to wait 20 Minutes before he was able to regain his composure, He then went back to Bradford and spoke to the manager, Mike Chambers ("Chambers") about the incident.

13. Chambers took down all of the information that Lavin supplied concerning the incident.

14. The following day, Lavin received a call from someone who said he was calling on behalf of McDonald's, and wanted Lavin to mail the chicken bone to his office. The caller did not identify himself or leave his address.

15. On August 13, 2003 a Article 93A letter was sent to Bradford by Certified Mail 7001 1940 0001 5088 4127 but no response has been received to date.

## COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS

16. Lavin incorporates by reference paragraphs 1-15, supra.

17. Lavin made purchases from the Defendants on the basis that he would be provided with wholesome food.

18. The Defendants failed and neglected to provide Lavin with wholesome food and, as a result, have breached their contract with the Plaintiff.

19. As a result of the Defendant's breach of contract with Lavin, he has suffered damages.

## COUNT II – UNJUST ENRICHMENT BY THE DEFENDANTS

20. Lavin incorporates by reference paragraphs 1-19, supra.

21. The foodstuffs supplied by and on behalf of the Defendants were not wholesome with the result that they have been unjustly enriched.

## COUNT III – PAIN AND SUFFERING CAUSED BY THE DEFENDANTS

22. The actions by and on behalf of the Defendants have cause unjustified pain and suffering to Lavin.

## COUNT IV – LOSS OF TIME FROM WORK

23. Lavin incorporates by reference paragraphs 1-22, supra.

24. Because of the actions by or on behalf of the Defendants, Lavin has lost time from work.

## COUNT V – VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, MK.G.L.CH.93A BY THE DEFENDANTS

25. Lavin incorporates by reference paragraphs 1-24, supra.

26. At all times material to this action the Defendants have been engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A § 2 and 9.

27. The actions of the Defendants described in Counts I, II, III and IV constitute unfair or deceptive acts or Practices in violation of Mass. Gen. Laws c. 93A § 2. Moreover the actions of the Defendants constitute knowing and willful violations of Mass. Gen. Laws c. 93A § 9.

28. As a result of the Defendants' actions, Lavin has suffered and continues to suffer loss of money and property

29. On or about August 13, 2003 the Defendants were sent a Notice of action under Massachusetts General Laws, Chapter 93A.

30. After thirty (30) days from the date of the letter to the Defendants, Lavin has never received a written response from the Defendants for a reasonable offer of settlement of Lavin's claims.

31. As a result of the Defendants knowing and willful violation of th Massachusetts Consumer Protection Act, in violation of Mass. Gen. Laws Chapter 93A, the Plaintiff has suffered damages.

## COUNT VI-NEGLIGENCE

32. Lavin incorporates by reference paragraphs 1-31, supra.

33 Lavin was serious injured and suffered damages as a result of the negligence of the Defendants.

## COUNT VII-VIOLATIONS OF THE FEDERAL LANHAM ACT

34. Lavin incorporates by reference paragraphs 1-33 supra.

35. The actions by or on behalf of the Defendants include violations of the Federal Lanham Act relating to Federally Registerd Trademarks of McDonalds that have resulted in the injuries and damages sustained by Lavin.

## CLAIMS FOR RELIEF

WHEREFORE, Lavin requests that this Honorable Court grant him the following relief:

   a. That as to Count I, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

   b. That as to Count II, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees

   c. That as to Count III, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

    d. That as to Count IV, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

    e. That as to Count V, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees and if this Court determines that the Defendant's conduct was knowing and willful enter judgment against the Defendant in an amount that doubles or triples Lavin's actual damages in accordance with M.G.L. C. 93A § 9.

    f. That as to Count VI, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

    g. That as to Count VII, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

    h. That the Court Order any and further relief it deems necessary and Proper under the circumstances.

## JURY DEMAND

Lavin hereby demands a jury trial on all issues in this action properly triable by a jury

Respectfully submitted,

Dated: October 1, 2005

_____
Ralph Lavin
27 Haigh Ave.
P.O. Box 1042
Salem, NH 03079
(603) 966-6026

### Certificate of Service

The undersigned hereby certifies that a copy of the above and foregoing has been served upon the Defendants by depositing the same this 1st day of October 2005 in the United States mail, postage prepaid addressed to its attorneys as follows: William Joseph Flannigan and Curtis L.S. Carpenter, Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210

Date: 10-  -05

_____
Ralph Lavin