UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>　　　Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION and<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS (misnamed)<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.: 05-1 1055DPW<br>)<br>)<br>)<br>) |

### REPLY BY THE PLAINTIFF, RALPH LAVIN, TO THE OPPOSITION BY DEFENDANT, MCDONALD'S OF BRADFORD, MASSACHUSETTS (misnamed) PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S MOTION TO DISMISS

NOW COMES the plaintiff, Ralph Lavin ("Lavin"), who hereby Replies to opposition by defendant, McDonald's of Bradford (misnamed) to Plaintiff's Motion to dismiss for failure to comply with Local Rule 7.1.

　　　1.　Lavin's first communication from the defendtant is Counsel's letter to Lavin of September 2, 2005, which clearly states in defendant's Exhibit 2: "I write today so as to advise you that we will be filing a motion to dismiss this case for lack of subject matter jurisdiction. As was noted at the recent scheduling conference held in this matter, we are unconvinced that, even if your allegations where proven true, the damages in this matter could exceed the jurisdictional threshold of $75,000.00. It is not seen how this statement constitute a good faith effort to narrow the issues.

　　　2.　Since Counsel's letter of September 2, 2005 states: "I write today so as to advise you that we will be filing a motion to dismiss this case for lack of subject matter jurisdiction," this indicates that no response by Lavin could have any effect on the filing a motion to dismiss.

1

3.  If Counsel's position is correct, all that is needed to comply with Local Rule 7.1 is to advise an opponent that action is being taken.

4.  Furthermore, although prior to filing the defendant's motion to dismiss, Counsel may have sought to telephone the plaintiff on September 9, 2005, there was no telephone discussion whatsoever with Lavin on that date.

5.  Lavin stands by his contention that the affidavit of Counsel for the defendant is not in full compliance with spirit and intent of Local Rule 7.1

6.  In any event, opposing Counsel erroneously states in his Paragraph 3, on page 2, of his Opposition: "The <u>defendant's continued refusal to voluntarily dismiss</u> this matter is evidence that the parties have been unable to resolve the issues presented ...". It is the continued refusal of the defendant, Colley/McCoy MA Co, to negotiate a suitable settlement that has cause the parties to be unable to resolve the issues presented.

WHEREFORE. the. requests that this Honorable Court grant the plaintiff's motion and further requests that it, accordingly, deny the defendant's underlying motion.

Respectfully Submitted,
The Plaintiff
Ralph Lavin
Pro Se

_____
Ralph Lavin
27 Haigh Avenue
P.O. Box 1042
Salem, NH 03079-1042
(603) 966-6026

Dated: October 10, 2005

2

## CERTIFICATE OF SERVICE

I, Ralph Lavin, hereby certify that I have this day forwarded a copy of the Above document, to the Defendant, Colley/McCoy MA Co., directed to its attorneys, by first-class mail, postage prepaid, addressed to:

> WilliamJ. Flanagan, Esq.
> Curtis L.S. Carpenter, Esq.
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA 02110

Date: __October 10, 2005__  
_____  
Ralph Lavin