UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>      Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br>COLLEY/MCCOY MA CO., AKA<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS, PETER NAPOLI,<br>SAL NAPOLI, RICHARD MCCOY, AND<br>GOLDEN ARCH, INC.,<br><br>      Defendants. | CIVIL ACTION NO.: 05-11055DPW |

**DEFENDANTS, COLLEY/MCCOY MA CO., AKA MCDONALD'S OF BRADFORD, MASSACHUSETTS, PETER NAPOLI, SAL NAPOLI, RICHARD MCCOY, AND GOLDEN ARCH, INC.'S ANSWER AND JURY DEMAND TO THE PLAINTIFF'S AMENDED COMPLAINT**

**PARTIES**

1. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's amended complaint.

2. As the allegations contained in paragraph 2 of the plaintiff's amended complaint pertain to another defendant, no answer is required..

3. The defendants admit the allegation contained in paragraph 3 of the plaintiff's amended complaint.

4. The defendants admit that Colley/McCoy MA Co. operates a McDonald's franchise located at 53 South Main Street, in Bradford, Massachusetts.

5. The defendants admit the allegation contained in paragraph 5 of the plaintiff's amended complaint.

6. The defendants admit the allegation contained in paragraph 6 of the plaintiff's amended complaint.

7. The defendants admit the allegation contained in paragraph 7 of the plaintiff's amended complaint.

8. The defendants admit that Richard McCoy is a former partner with Colley/McCoy MA Co. The defendants are without sufficient information or knowledge to form

977616v1

a belief as to the truth of the allegations contained in the remainder of paragraph 8 of the plaintiff's amended complaint.

# FACTS

9. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the plaintiff's amended complaint.

10. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's amended complaint.

11. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiff's amended complaint.

12. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's amended complaint.

13. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's amended complaint.

14. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's amended complaint.

15. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the plaintiff's amended complaint.

## COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS

16. The defendants repeat and reassert their answers to Paragraphs 1 through 15 of the plaintiff's amended complaint.

17. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's amended complaint.

18. The defendants deny the allegations contained in paragraph 18 of the plaintiff's amended complaint.

977616v1

19. The defendants deny the allegations contained in paragraph 19 of the plaintiff's amended complaint.

   WHEREFORE, the defendants request that the plaintiff's amended complaint be dismissed with costs to defendants.

### COUNT II UNJUST ENRICHMENT BY THE DEFENDANTS

20. The defendants repeat and reassert their answers to Paragraphs 1 through 19 of the plaintiff's amended complaint.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's amended complaint.

   WHEREFORE, the defendants request that the plaintiff's amended complaint be dismissed with costs to defendants.

### COUNT III – PAIN AND SUFFERING CAUSED BY THE DEFENDANTS

22. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of the plaintiff's amended complaint.

   WHEREFORE, the defendants request that the plaintiff's amended complaint be dismissed with costs to defendants.

### COUNT IV – LOSS OF TIME FROM WORK

23. The defendants repeat and reassert their answers to Paragraphs 1 through 22 of the plaintiff's amended complaint.

24. The defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the plaintiff's amended complaint.

   WHEREFORE, the defendants request that the plaintiff's amended complaint be dismissed with costs to defendants.

### COUNT V – VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. CH. 93A BY THE DEFENDANTS

25. The defendants repeat and reassert their answers to Paragraphs 1 through 24 of the plaintiff's amended complaint.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiff's amended complaint.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiff's amended complaint.

28. The defendants deny the allegations contained in paragraph 28 of the plaintiff's amended complaint.

29. The defendants deny the allegations contained in paragraph 29 of the plaintiff's amended complaint.

30. The defendants deny the allegations contained in paragraph 30 of the plaintiff's amended complaint.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiff's amended complaint.

   WHEREFORE, the defendants request that the plaintiff's amended complaint be dismissed with costs to defendants.

## COUNT VI – NEGLIGENCE

32. The defendants repeat and reassert their answers to Paragraphs 1 through 31 of the plaintiff's amended complaint.

33. The defendants deny the allegations contained in paragraph 32 of the plaintiff's amended complaint.

   WHEREFORE, the defendants request that the plaintiff's amended complaint be dismissed with costs to defendants.

## COUNT VII – VIOLATION OF THE FEDERAL LANHAM ACT

34. The defendants repeat and reassert their answers to Paragraphs 1 through 33 of the plaintiff's amended complaint.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiff's amended complaint.

   WHEREFORE, the defendants request that the plaintiff's amended complaint be dismissed with costs to defendants.

977616v1

## FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The acts complained of did not occur primarily or substantially in Massachusetts.

## THIRD DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and is not legally responsible.

## FOURTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L., Ch. 231, Section 85.

## FIFTH DEFENSE

By way of affirmative defense, the defendants say that the negligence of the plaintiff was greater than the alleged negligence of the defendants and that such negligence of the plaintiff contributed to her alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L., Ch. 231, Section 85.

## SIXTH DEFENSE

The plaintiff failed to satisfy conditions precedent to recovery under c. 93A.

## SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the action is precluded by the applicable statute of limitations.

## EIGHTH DEFENSE

The plaintiff failed to give requisite notice of the alleged defect.

## NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to mitigate his damages.

977616v1

## TENTH DEFENSE

McDonald's Corporation did not own, operate, or control the day to day restaurant business, and the complaint against it should be dismissed.

## ELEVENTH DEFENSE

Service of process is insufficient.

## TWELFTH DEFENSE

The Court lacks subject matter jurisdiction.

977616v1

**THE DEFENDANTS DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

          Respectfully submitted,
The Defendants,
Colley/McCoy MA Co., aka McDonald's of Bradford, Massachusetts, Peter Napoli, Sal Napoli, Richard McCoy, and Golden Arch, Inc.,
By their attorneys,

/s/ *Curtis L.S. Carpenter*
_____
William Joseph Flanagan, BBO #556598
Curtis L.S. Carpenter, BBO #657358
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

## CERTIFICATE OF SERVICE

    I, Curtis L.S. Carpenter, hereby certify that I have this day forwarded a copy of the ***Defendants, Colley/McCoy MA Co., aka McDonald's of Bradford, Massachusetts, Peter Napoli, Sal Napoli, Richard McCoy, and Golden Arch, Inc.'s Answer to the Plaintiff's Amended Complaint,*** to the attorney of record for each party, by first-class mail, postage prepaid, to:

Ralph Lavin *(pro se)*
P.O. Box 1042
Salem, NH 03079-1042

Date:_____    Attorney _____

977616v1