UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>      Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br>COLLEY/MCCOY MA CO., AKA<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS, PETER NAPOLI,<br>SAL NAPOLI, RICHARD MCCOY, AND<br>GOLDEN ARCH, INC.,<br><br>      Defendants. | CIVIL ACTION NO.: 05-11055DPW |

**THE DEFENDANT, MCDONALD'S CORPORATION'S MOTION TO DISMISS COUNT VII OF THE PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

NOW COMES the defendant, McDonald's Corporation, who hereby moves pursuant to F.R.C.P. 12(b)(6) that this Honorable Court dismiss the Count VII of the plaintiff's amended complaint, alleging violation of the Lanham Act, 15 U.S.C. § 1051, on the grounds that this count fails to state a claim upon which relief may be granted.

**BACKGROUND**

This is a product liability action in which the plaintiff alleges that he briefly choked on a bone found in a chicken fajita he purchased at a McDonald's Restaurant in Bradford, Massachusetts. See Attachment A, Plaintiff's Amended Complaint at ¶¶ 10-12. Count VII of the plaintiff's complaint vaguely alleges "violations of the Federal Lanham Act." See id. at ¶¶ 34-35. According to the plaintiff, "[t]he actions by or on behalf of the Defendants include violations of the Federal Lanham Act relating to Federally Registered Trademarks of McDonalds that have resulted in the injuries and damages sustained by [the plaintiff] Lavin." See id. at ¶ 35. However, the Lanham Act, also known as the U.S. Trademark Act, does not create a cause of action or claim upon which relief can be granted to the plaintiff.

977826v1

## **STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a vehicle for the dismissal of complaints which fail "to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). The purpose of a motion under this rule is to test the legal adequacy of a complaint. A complaint must be "well pleaded" and contain more than mere conclusory statements that a plaintiff has a valid claim of some type and is thus deserving of relief. See Chongris v. Bd. Of Appeals, 811 F.2d 36, 37 (1st Cir.), cert. denied, 483 U.S. 1021 (1987). Dismissal is appropriate "if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

To withstand a motion to dismiss, plaintiff's complaint must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991), quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). The complaint must be grounded in a "plausible legal theory" so that the defendant (as well as the Court) can understand the plaintiff's allegations. DiPerri v. Fed. Aviation Admin. 671 F.2d 54, 59 n.4 (1st Cir. 1982). The court need not credit "bald assertions, unsupportable conclusions, or opprobrious epithets." Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987).

While *pro se* complaints are interpreted liberally for the purposes of a Rule 12(b)(6) motion, the complaint cannot be "hopelessly general" or state "naked conclusions." Pavilonis v. King, 626 F.2d 1075 (1st Cir. 1980) citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gordon v. Crouchly, 554 F. Supp. 796, 797-98 (D.R.I. 1982).

977826v1

Notwithstanding the legal standard applied to *pro se* complaints, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Rule 12(b)(6) motion to dismiss will be granted. Guerro v. Mulhearn, 498 F.2d 1249 (1st Cir. 1974).

## ARGUMENT

The Trademark Act of 1964, 15 U.S.C. § 1051, provides a cause of action to one who is injured when a person uses any word, term, name, symbol, or device, or any combination thereof, which is likely to cause confusion as to the origin, sponsorship, or approval of his or her goods. 15 U.S.C. § 1125(a)(1)(A) (2005). Additionally, the purpose of the Lanham Act is to protect the owner of a trademark from unfair competition. See Porter v. LSB Indus., Inc., 192 A.D.2d 205, 211 (N.Y. 1993). Congress's intent when it enacted the Lanham Act was "to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce [and] to protect persons engaged in such commerce against unfair competition." 15 U.S.C. § 1127 (2005).

The Lanham Trademark Act, under 15 U.S.C. § 1114, affords the trademark holder the right to control the quality of the goods manufactured and sold under its trademark. Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 107 (4th Cir. 1991) (quoting El Greco Leather Prods. Co. v. Shoe World, 806 F.2d 392, 395 (2d Cir. 1986)). The actual quality of the goods is irrelevant; it is the control of the quality that a trademark holder is entitled to maintain. Id.

The Lanham Act is primarily intended to protect commercial interests. Sandoz Pharm. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 230 (3d Cir. 1990). The statute itself does not refer to consumers or the public. Colligan v. Activities Club of N.Y., Ltd., 442 F.2d 686, 691 (2d Cir.), cert. denied, 404 U.S. 1004, 30 L. Ed. 2d 557 (1971). The congressional intent "was

3

977826v1

to create a special and limited unfair competition remedy, virtually without regard to the interests of consumers generally and almost certainly without any consideration of consumer rights of action in particular." Colligan, 442 F.2d at 692. Therefore, consumers do not have standing under the Lanham Act. Id.; see also 15 U.S.C. § 1127.

While a plaintiff and a defendant need not be direct competitors, it is apparent that standing under § 43 of Lanham Act, 15 U.S.C. § 1125(a) requires, at minimum, the potential for a commercial or competitive injury. New Colt Holding Corp. v RJG Holdings of Fla., Inc., 312 F. Supp 2d 195, 233-34 (2004). The plaintiff has not attempted to allege an injury to a commercial or competitive interest. To extend the Lanham Act to consumer claims, such as the plaintiff's, would convert the Lanham Act from a regulation of commercial interests and unfair competition to a catchall consumer protection statute. Guarino v. Sun Co., 819 F. Supp. 405, 409-10 (1993). Such an expansion has been expressly rejected in cases such as Nevyas and Von Grabe. See Nevyas v. Morgan, 309 F. Supp. 2d 673 (2004)(Plaintiff lacked standing under the Lanham Act as he did not allege facts suggesting he suffered a commercial injury); see also Von Grabe v. Sprint PCS, 312 F. supp. 2d 1285 (2003)(No standing under the Lanham act where the plaintiffs were not competitors of the defendants and defendants did not intend to profit from their conduct).

Furthermore, it is well established that trademark law is not an adjunct to the law of negligence or products liability. See Porter, 192 A.D.2d at 211; see generally, Sukljian v. Ross & Son Co., 69 N.Y.2d 89, 94-95. Product liability cannot be imposed on a party that is outside the manufacturing, selling, or distribution chain and there is no exception for licensors of trademarks. See Guzman v. Mrm/Elgin, 409 Mass. 563, 569 (1991); see also RESTATEMENT [SECOND] OF TORTS § 402A (1965). If trademark registration alone was a sufficient predicate for product liability, a licensor would always be liable, Kane v. Cohen Distribs. of Gen. Merch.,

4

977826v1

172 A.D.2d 720, 721 (1991); Balsam v. Delma Eng'g Corp., 139 A.D.2d 292, 297 (1988), as would a franchisor, Smith v. City of NY, 133 A.D.2d 818 (1987); Balsam, 139 A.D.2d at 297, or a manufacturer's trade association or labor union that allowed it's symbol to be placed on a product. The law of products liability does not contemplate that result. Porter, 192 A.D.2d at 211; see also Guzman, 409 Mass. at 569; RESTATEMENT [SECOND] OF TORTS § 402A.

WHEREFORE, the defendant respectfully requests that Count VII of the plaintiff's amended complaint be dismissed on the grounds that such count fails to state a claim upon which relief may be granted.

### REQUEST FOR ORAL ARGUMENT

The defendant believes that oral arguments may assist the Court with its ruling on this motion. Therefore, pursuant to Local Rule 7.1(D), the defendant requests that a hearing for such arguments be scheduled at a time convenient for the Court.

> Respectfully Submitted,
> The Defendant,
> McDonald's Corporation,
> By and through its attorneys,
>
> /s/ *Curtis L.S. Carpenter*
> _____
> William J. Flanagan BBO No. 556598
> Curtis L.S. Carpenter BBO No. 657358
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA 02110
> 617-737-8829

Dated: November 4, 2005

5

977826v1

**CERTIFICATE OF SERVICE**

    I, Curtis L.S. Carpenter hereby certify that I have this day forwarded a copy of the above document, to the *pro se* plaintiff, by first-class mail, postage prepaid, to:

Mr. Ralph Lavin  
P.O. Box 1042  
Salem, NH 03079-1042

Date:_____   Attorney:_____

977826v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.

05 11055 DPW

| | |
|---|---|
| Ralph Lavin,<br>    Plaintiff<br>v.<br><br>McDonald's Corporation;<br>Colley/McCoy MA Co., aka McDonald's<br>of Bradford, Massachusetts; Peter Napoli<br>Sal Napoli, Richard McCoy and<br>Golden Arch, Inc.,<br><br>    Defendants. | AMENDED<br>COMPLAINT AND JURY DEMAND |

## PARTIES

1. The Plaintiff, Ralph Lavin ("Lavin"), is an individual residing at 27 Haig Avenue, Salem, New Hampshire 03079.

2. The Defendant, McDonald's Corporation ("McDonald's"), is believed to be corporation of Delaware having its headquarters McDonald's Plaza, Oak Brook Illinois 6052.

3. The Defendant, Colley/McCoy MA Co., ("Colley/McCoy") has been identified by opposing counsel as the proper party, a general partnership under the laws of the Commonwealth of Massachusetts, identified in the original complaint as McDonald's of Bradford ("Bradford").

4. Bradford is believed to hold itself out as a franchisee of McDonald's, operating under the trademarks and service marks of McDonalds and has a place of business at 53 South Main Street, Bradford, Massachusetts 01830.

5. Peter Napoli has been identified by opposing counsel as a partner of Colley/McCoy and a resident of Massachusetts.

6. Sal Napoli has been identified by opposing counsel as a partner of Colley/McCoy and a resident of Massachusetts.

7. Golden Arch, Inc. has been identified by opposing counsel as a partner of Colley/McCoy and a Delaware Corporation with its principal place of business at One McDonald's Plaza, Oak Brook, Illinois.

8. Richard McCoy is a former partner with Colley/McCoy, but was a partner on the Date of Loss by Lavin, acknowledged to be 05/23/03.

## FACTS

9. On or about May 23, 2003 at 10:35 am, Lavin went to the Bradford drive-through and decided to get something to eat after working on a painting job in the Town of Bradford.

10. Lavin ordered two McChicken sandwiches with cheese, one chicken fajita and one small fry, and then drove back to his Job site in the Town of Bradford. When he started to chew the chicken fajita, he started to choke.

11. Lavin lost consciousness and it was necessary to have a Heimlich maneuver applied in order to dislodge the chicken bone and restore consciousness

12 Lavin, suffering pain from the disgorgement of the chicken bone, had to wait 20 Minutes before he was able to regain his composure, He then went back to Bradford and spoke to the manager, Mike Chambers ("Chambers") about the incident.

13. Chambers took down all of the information that Lavin supplied concerning the incident.

14. The following day, Lavin received a call from someone who said he was calling on behalf of McDonald's, and wanted Lavin to mail the chicken bone to his office. The caller did not identify himself or leave his address.

15. On August 13, 2003 a Article 93A letter was sent to Bradford by Certified Mail 7001 1940 0001 5088 4127 but no response has been received to date.

3

## COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS

16. Lavin incorporates by reference paragraphs 1-15, supra.

17. Lavin made purchases from the Defendants on the basis that he would be provided with wholesome food.

18. The Defendants failed and neglected to provide Lavin with wholesome food and, as a result, have breached their contract with the Plaintiff.

19. As a result of the Defendant's breach of contract with Lavin, he has suffered damages.

## COUNT II – UNJUST ENRICHMENT BY THE DEFENDANTS

20. Lavin incorporates by reference paragraphs 1-19, supra.

21. The foodstuffs supplied by and on behalf of the Defendants were not wholesome with the result that they have been unjustly enriched.

## COUNT III – PAIN AND SUFFERING CAUSED BY THE DEFENDANTS

22. The actions by and on behalf of the Defendants have cause unjustified pain and suffering to Lavin.

## COUNT IV – LOSS OF TIME FROM WORK

23. Lavin incorporates by reference paragraphs 1-22, supra.

24. Because of the actions by or on behalf of the Defendants, Lavin has lost time from work.

## COUNT V – VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, MK.G.L.CH.93A BY THE DEFENDANTS

25. Lavin incorporates by reference paragraphs 1-24, supra.

26. At all times material to this action the Defendants have been engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A § 2 and 9.

27. The actions of the Defendants described in Counts I, II, III and IV constitute unfair or deceptive acts or Practices in violation of Mass. Gen. Laws c. 93A § 2. Moreover the actions of the Defendants constitute knowing and willful violations of Mass. Gen. Laws c. 93A § 9.

28. As a result of the Defendants' actions, Lavin has suffered and continues to suffer loss of money and property

29. On or about August 13, 2003 the Defendants were sent a Notice of action under Massachusetts General Laws, Chapter 93A.

30. After thirty (30) days from the date of the letter to the Defendants, Lavin has never received a written response from the Defendants for a reasonable offer settlement of Lavin's claims.

31. As a result of the Defendants knowing and willful violation of th Massachusetts Consumer Protection Act, in violation of Mass. Gen. Laws Chapter 93A, the Plaintiff has suffered damages.

## COUNT VI-NEGLIGENCE

32. Lavin incorporates by reference paragraphs 1-31, supra.

33. Lavin was serious injured and suffered damages as a result of the negligence of the Defendants.

## COUNT VII-VIOLATIONS OF THE FEDERAL LANHAM ACT

34. Lavin incorporates by reference paragraphs 1-33 supra.

35. The actions by or on behalf of the Defendants include violations of the Federal Lanham Act relating to Federally Registerd Trademarks of McDonalds that have resulted in the injuries and damages sustained by Lavin.

CLAIMS FOR RELIEF

WHEREFORE, Lavin requests that this Honorable Court grant him the following relief:

a. That as to Count I, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

b. That as to Count II, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees

c. That as to Count III, Judgment enter in favor of Lavin against the Defendant in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

d. That as to Count IV, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

e. That as to Count V, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees and if this Court determines that the Defendant's conduct was knowing and willful enter judgment against the Defendant in an amount that doubles or triples Lavin's actual damages in accordance with M.G.L. C. 93A § 9.

f. That as to Count VI, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

g. That as to Count VII, Judgment enter in favor of Lavin against the Defendants in an amount to be determined together with pre-judgment interest, costs, expenses and reasonable attorney's fees;

h. That the Court Order any and further relief it deems necessary and Proper under the circumstances.

## JURY DEMAND

Lavin hereby demands a jury trial on all issues in this action properly triable by a jury

Respectfully submitted,

Dated: October 1, 2005

Ralph Lavin
27 Haigh Ave.
P.O. Box 1042
Salem, NH 03079
(603) 966-6026

### Certificate of Service

The undersigned hereby certifies that a copy of the above and foregoing has been served upon the Defendants by depositing the same this  day of October 2005 in the United States mail, postage prepaid addressed to its attorneys as follows: William Joseph Flannigan and Curtis L.S. Carpenter, Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210

Date: 10-   -05

Ralph Lavin