UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>      Plaintiff,<br>v.<br>MCDONALD'S CORPORATION,<br>COLLEYIMCCOY MA CO., AKA<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS, PETER NAPOLI.<br>SAL NAPOLI, RICHARD MCCOY, AND<br>GOLDEN ARCH, INC.,<br>      Defendants. | CIVIL ACTION NO.: 05-11055DPW |

### THE PLAINTIFF, RALPH LAVIN'S OPPOSITION TO THE MOTION OF DEFENDANT, MCDONALD'S CORPORATION TO DISMISS COUNT VII OF ONE OF PLAINTIFF'S AMENDED COMPLAINTS FOR ALLEGED FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND REQUEST FOR DEFAULT JUDGMENT

NOW COMES the plaintiff, Ralph Lavin ("Lavin"), in opposition to the motion of defendant, McDonald's Corporation ("McDonald's"), pursuant to F.R.C.P. 12(b)(6) that this Honorable Court dismiss Count VII of plaintiff's second amended complaint, alleging violation of the Lanham Act, 15 U.S.C. § 1051 et seq., on the ground that Count VII fails to state a claim upon which relief may be granted. This Motion of McDonald's is improper for the following reasons, and a default judgment should be entered on behalf of Lavin:

1. McDonald's has brought its current motion to dismiss Count VII of Lavin's second amended complaint **without complying with Local Rule 7.1** by failing to corresponded with Lavin in this matter, in a good faith attempt to resolve or narrow the issues of dispute raised in the motion, in accordance with Local Rule 7.1.

2. McDonald's has failed to comply with FRCP 12(b) which requires that "A **motion making any of these defenses [including 12(b)(6)] shall be made before pleading if a further pleading is permitted.** McDonald's responded to Count VII (by denying it) on November 2, 2005, but waited until November

1

4, 2005 to file its present motion in clear violation of Rule 12(b)

    3. McDonald's has **failed to answer** Lavin's first amended complaint which was sent to opposing counsel on September 9, 2005 . A copy of the cover sheet of the first amended complaint is attached as Exhibit 1. This complaint was filed with the Court after the Scheduling conference where opposing counsel indicated that McDonald's of Bradford was misnamed and asked that the complaint be amended to indicate the proper name. Although Lavin sought to comply with the request by filing its first amended complaint, no answer has been received to date so that McDonald's is in default and Laving is entitled to a default judge with respect to his first amended complaint with a jury determination of Lavin's damages.

    4. McDonald's answer to Lavin's second amended complaint is untimely.

**Rule 15. Amended and Supplemental Pleadings** provides:

### (a) Amendments.

. . . . A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer unless the court otherwise orders.

    Lavin's second amended complaint was sent to opposing counsel (and sent to the clerk of this court) on October 1, 2005. To comply with Rule 8, the answer to the second amended complaint should have been mailed within 13 days, but was not mailed until November 2, 2005, so that answer is out of time, and Lavin is entitled to a default judgment with respect to the second amended complaint.

    5. McDonald's attack on Count VII of the second amended complaint (which also is Count VII of the first amended complaint) is without merit

## BACKGROUND

This is a product liability action originating on or about May 23, 2003 at 10:35 a.m., when Lavin went to a McDonald's drive-through at the Bradford, Massachusetts, and decided to get something to eat after working on a painting job in the Town of Bradford.

Lavin ordered two McChicken sandwiches with cheese, one chicken fajita and one small fry, and then drove back to his Job site in the Town of Bradford. When he started to chew the chicken fajita, he started to choke. Lavin lost consciousness and it was necessary to have a Heimlich maneuver applied in order to dislodge the chicken bone and restore consciousness.

Lavin, suffering pain from the disgorgement of the chicken bone, had to wait 20 Minutes before he was able to regain his composure, He then went back to Bradford and spoke to the McDonald's manager, Mike Chambers ("Chambers") about the incident. Chambers took down all of the information that Lavin supplied concerning the incident.

The following day, Lavin received a call from someone who said he was calling on behalf of McDonald's, and wanted Lavin to mail the chicken bone to his office. The caller did not identify himself or leave his address. On August 13, 2003 a Article 93A letter was sent to Bradford by Certified Mail 7001 1940 0001 5088 4127 but no response has been received to date.

Lavin's Complaint includes Seven Counts. COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS; COUNT II– UNJUST ENRICHMENT BY THE DEFENDANTS; COUNT III–PAIN AND SUFFERING CAUSED BY THE DEFENDANTS; COUNT IV–LOSS OF TIME FROM WORK; COUNT V–

VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, MK.G.L.CH.93A BY THE DEFENDANTS; COUNT VI–NEGLIGENCE

COUNT VII of the amended Complaints alleges VIOLATIONS OF THE FEDERAL LANHAM ACT. It incorporates by reference paragraphs 1-33 setting forth the factual allegations with respect to Counts I -VI. Paragraph 35 states: "The actions by or on behalf of the Defendants include violations of the Federal Lanham Act relating to Federally Registered Trademarks of McDonalds that have resulted in the injuries and damages sustained by Lavin".

Thus it is misleading for McDonald's to state: "Count VII of the plaintiff's complaint **vaguely alleges** 'violations of the Federal Lanham Act' (emphasis added). It is Lavin's position that the facts of COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS; COUNT II– UNJUST ENRICHMENT BY THE DEFENDANTS; COUNT III–PAIN AND SUFFERING CAUSED BY THE DEFENDANTS; COUNT IV– LOSS OF TIME FROM WORK; COUNT V– VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, MA.G.L.CH.93A BY THE DEFENDANTS; COUNT VI–NEGLIGENCE when resulting from a product marketed and sold under **Federally** registered marks are actionable under the Federal Lanham Act relating to the Federally Registered Trademarks and Service Marks of McDonalds.

ST ANDARD OF REVIEW

McDonald's states that "the Federal Rules of Civil Procedure provides a vehicle for the dismissal of **complaints** which fail "to state a claim upon which relief can be granted (emphasis added)." There is **nothing** in F.R.C.P. 12(b)(6) that deals with the dismissal of **complaints**. Consequently, McDonalds is in error in stating" "The purpose of a motion under this rule is to test the legal adequacy of a **complaint** (emphasis added).

4

Although one purpose of the Lanham Act is to protect the owner of a trademark from unfair competition, that cannot be the only purpose.

McDonald's admits: "The Lanham Trademark Act, under 15 U.S.C. § 1114, affords the trademark holder the **right to control the quality of the goods** manufactured and sold under its trademark (emphasis added), citing Shell Oil Co. v. Commercial Petroleum, Inc. 928 F.2d 104, 107 (4th Cir. 1991) (quoting El Greco Leather Prods. Co. v. Shoe World, 806 F.2d 392, 395 (2d Cir. 1986). Since the trademark owner has the right to control, his failure to control that results in injury must be actionable.

In 15 USC 1127 the Lanham Act clearly states: "The intent of this Act is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations".

Thus the Lanham Act clearly makes "actionable the deceptive and misleading use of marks in such commerce" and the sale of a defective consumer product under such mark is deceptive and misleading.

Thus it is incorrect for McDonald's to state: "Therefore, consumers do not have standing under the Lanham Act. see also 15 U.S.C. § 1127".

15 U.S.C. 1127 also seeks to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks

7

There was fraud and deception by McDonald's of Bradford in using a copy of the registered mark of McDonalds to entice Lavin into the establishment and purchase a chicken fajita.

Moreover, McDonald's exercised control over the products sold under its marks by determining what products could be offered as those of McDonalds. After the chicken fajita incident with Lavin, McDonald's withdrew the chicken fajita item from its menus in all known stores.

There also was injury to a commercial or competitive interest since Lavin, who had purchased the injurious fajita decided to go to a competitor for this next quick lunch.

Congress originally enacted the Lanham Act, including § 43(a) (which is codified at 15 D.S.C. § 1125(a)), in 1946 and amended it in 1988. This provision prohibits any use of a false or misleading description or representation in commercial advertising or promotion that "misrepresents the nature, characteristics, qualities, or geographic origin of. . . goods, services, or commercial activities." Courts have formulated the following elements for a claim under § 43(a):

1. The defendant must have made a false or misleading statement of fact in advertising.

2. That statement must have actually deceived or had the capacity to deceive a substantial segment of the audience.

3. The deception must have been material, in that it was likely to influence the purchasing decision. .

4. The defendant must have caused its goods to enter interstate commerce. .

5. The plaintiff must have been or is likely to be injured as a result.

*United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998).

8

Courts place false or misleading advertisements into three categories: implied falsity, literal falsity and "mere puffery." Liability under the Lanham Act arises out of only the first two categories, as mere puffery is not actionable. *United Industries*, 140 F.3d at 1180 (defining puffery as "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable under § 43(a).").

While McDonald's seeks to take comfort from RESTATEMENT [SECOND] OF TOR.TS § 402A, that section has been supercede by RESTATEMENT OF THE LAW THIRD, TOR.TS TO reformulate products liability law.

**WHEREFORE**, Lavin respectfully requests that the Court deny the dismissal of Count VII of the plaintiff's second amended complaint because Count VII, taken with paragraphs 1-35 of the second amended complaint, and the annexed Declaration of Lavin states a claim on which relief may be granted; defendant's motion is untimely having been filed after defendant denied the allegations of Count VII; defendant did not answer the second amended complaint within the 10 day period provided by Rule 15; so that Lavin is entitled to a default judgment.

## REQUEST FOR WAIVER OF ORAL ARGUMENT

Lavin believes that oral arguments will not assist the Court with its ruling on this motion. Therefore, Lavin requests that no hearing for such arguments be scheduled.

Respectfully Submitted,

Ralph Lavin
27 Haigh Avenue
P.O. Box 1042
Salem, NH 03 079-1042

603-966-6026                               Dated : November 8, 2005

## CERTIFICATE OF SERVICE

I, Ralph Lavin hereby certify that I have this day forwarded a copy of the above document, to the following, by first-class mail, postage prepaid, to:

William J. Flanagan BBO No. *556598*
Curtis L.S. Carpenter BBO No. 657358
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02110
Attorneys for the Defendant,
Colley/McCoy MA Co

Date: 11/08/05

Ralph Lavin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.

05 11055 DPW

| | |
|---|---|
| Ralph Lavin,<br>      Plaintiff<br>v.<br><br>McDonald's Corporation ;<br>Colley/McCoy MA Co., aka McDonald's<br>of Bradford, Massachusetts;<br>Colley/McCoy Management Group, Inc.;<br>John Collins and Richard McCoy,<br>      Defendants. | AMENDED<br>COMPLAINT AND JURY DEMAND |

## PARTIES

1. The Plaintiff, Ralph Lavin ("Lavin"), is an individual residing at 27 Haigh Avenue, Salem, New Hampshire 03079.

2. The Defendant, McDonald's Corporation ("McDonald's"), is believed to be a corporation of Illinois having its headquarters McDonald's Plaza, Oak Brook, Illinois 6052.

3. The Defendant, Colley/McCoy MA Co., ("Colley/McCoy") has been identified by opposing counsel as the proper party identified in the original complaint as McDonald's of Bradford ("Bradford").

4. Bradford is believed to hold itself out as a franchisee of McDonald's, operating under the trademarks and service marks of McDonalds and has a place of business at 53 South Main Street, Bradford, Massachusetts 01830.

Exhibit 1