UNITED STATES DISTRICT COURT
THE DISTRICT UF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>    Plaintiff,<br>v.<br>MCDONALD'S CORPORATION,<br>COLLEYIMCCOY MA CO., AKA<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS, PETER NAPOLI.<br>SAL NAPOLI, RICHARD MCCOY, AND<br>GOLDEN ARCH, INC.,<br><br>    Defendants. | CIVIL ACTION NO.: 05-11055DPW |

**DECLARATION OF THE PLAINTIFF, RALPH LAVIN'S IN OPPOSITION TO THE MOTION OF DEFENDANT, MCDONALD'S CORPORATION TO DISMISS COUNT VII OF ONE OF PLAINTIFF'S AMENDED COMPLAINTS FOR ALLEGED FAILURE TOSTATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND REQUEST FOR DEFAULT JUDGMENT**

THE PLAINTIFF, Ralph Lavin ("Lavin") HEREBY DECLARES AS FOLLOWS, SUBJECT TO THE PENALTIES FOR PERJURY, in opposition to the motion of defendant, McDonald's Corporation ("McDonald's"), pursuant to F.R.C.P. 12(b)(6) that this Honorable Court dismiss Count VII of plaintiff's second amended complaint, alleging violation of the Lanham Act, 15 U.S.C. § 1051 et seq., on the ground that Count VII fails to state a claim upon which relief may be granted. This Motion of McDonald's is improper for the following reasons, and a default judgment should be entered on behalf of Lavin:

1. McDonald's has brought its current motion to dismiss Count VII of Lavin's second amended complaint **without complying with Local Rule 7.1** by failing to corresponded with me in this matter, in a good faith attempt to resolve or narrow the issues of dispute raised in the motion, in accordance with Local Rule 7.1.

2. McDonald's has failed to comply with FRCP 12(b) which requires that "A **motion making any of these defenses [including 12(b)(6)] shall be made before pleading if a further pleading is permitted.** McDonald's

1

responded to Count VII (by denying it) on November 2, 2005, but waited until November 4, 2005 to file its present motion in clear violation of Rule 12(b)

3. McDonald's has **failed to answer** my first amended complaint which was sent to opposing counsel on September 9, 2005 . A copy of the cover sheet of the first amended complaint is attached as Exhibit 1. This complaint was filed with the Court after the Scheduling conference where opposing counsel indicated that McDonald's of Bradford was misnamed and asked that the complaint be amended to indicate the proper name. Although Lavin sought to comply with the request by filing its first amended complaint, no answer has been received to date so that McDonald's is in default and Laving is entitled to a default judge with respect to his first amended complaint with a jury determination of Lavin's damages.

4. McDonald's answer to my second amended complaint is untimely because Rule 15, Amended and Supplemental Pleadings, provides: (a) Amendments.. . . . A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer unless the court otherwise orders.

**My** second amended complaint was sent to opposing counsel (and sent to the clerk of this court) on October 1, 2005. To comply with Rule 8, the answer to the second amended complaint should have been mailed within 13 days, but was not mailed until November 2, 2005, so that answer is out of time, and Lavin is entitled to a default judgment with respect to the second amended complaint.

5. McDonald's attack on Count VII of the second amended complaint (which also is Count VII of the first amended complaint) is without merit

2

6. This is a product liability action originating on or about May 23, 2003 at 10:35 am, when I went to a McDonald's drive-through at the Bradford, Massachusetts, and decided to get something to eat after working on a painting job in the Town of Bradford.

7. I ordered two McChicken sandwiches with cheese, one chicken fajita and one small fry, and then drove back to his Job site in the Town of Bradford. When I started to chew the chicken fajita, I started to choke. It was necessary to have a Heimlich maneuver applied in order to dislodge the chicken bone.

8. After suffering pain from the disgorgement of the chicken bone, I had to wait 20 Minutes before Ie was able to regain my composure. I then went back to Bradford and spoke to the McDonald's manager, Mike Chambers ("Chambers") about the incident. Chambers took down all of the information that I supplied concerning the incident.

9. The following day, I received a call from someone who said he was calling on behalf of McDonald's, and wanted me to mail the chicken bone to his office. The caller did not identify himself or leave his address. On August 13, 2003 a Article 93A letter was sent to Bradford by Certified Mail  7001 1940 0001 5088 4127 but no response has been received to date.

10. My Complaint includes Seven Counts. COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS;  COUNT II– UNJUST ENRICHMENT BY THE DEFENDANTS;  COUNT III–PAIN AND SUFFERING CAUSED BY THE DEFENDANTS;  COUNT IV–LOSS OF TIME FROM WORK;  COUNT V– VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, MK.G.L.CH.93A BY THE DEFENDANTS;  COUNT VI–NEGLIGENCE and COUNT VII of my amended Complaints which alleges VIOLATIONS OF THE

FEDERAL LANHAM ACT. It incorporates by reference paragraphs 1-33 setting forth the factual allegations with respect to Counts I -VI. Paragraph 35 states: "The actions by or on behalf of the Defendants include violations of the Federal Lanham Act relating to Federally Registered Trademarks of McDonalds that have resulted in the injuries and damages sustained by Lavin".

11. Thus it is misleading for McDonald's to state: "Count VII of the plaintiff's complaint **vaguely alleges** 'violations of the Federal Lanham Act' (emphasis added). It is my position that the facts of COUNT I – BREACH OF CONTRACT BY THE DEFENDANTS; COUNT II– UNJUST ENRICHMENT BY THE DEFENDANTS; COUNT III–PAIN AND SUFFERING CAUSED BY THE DEFENDANTS; COUNT IV– LOSS OF TIME FROM WORK;  COUNT V– VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT, MA.G.L.CH.93A BY THE DEFENDANTS; COUNT VI–NEGLIGENCE when resulting from a product marketed and sold under **Federally** registered marks are actionable under the Federal Lanham Act relating to the Federally Registered Trademarks and Service Marks of McDonalds.

12. McDonald's states that "the Federal Rules of Civil Procedure provides a vehicle for the dismissal of **complaints** which fail "to state a claim upon which relief can be granted (emphasis added)." There is **nothing** in F.R.C.P. 12(b)(6) that deals with the dismissal of **complaints**. Consequently, McDonalds.is in error in stating" "The purpose of a motion under this rule is to test the legal adequacy of a **complaint** (emphasis added).

13. I agree that a complaint must be well pleaded and contain more than mere conclusory statements that a plaintiff has a valid claim of some type and is thus deserving of relief..

14. There can be no question that the allegations of Counts I through VII of my complaint set forth factual allegations. To the extent that the factual allegations are disputed by McDonalds, that factual dispute must be resolved by a jury.

15. I also agree that the complaint must be grounded in a plausible legal theory so that the defendant (as well as the Court) can understand my allegations. The court need not credit "bald assertions, unsupportable conclusions or opprobrious epithets I believe that my complaint is grounded in a plausible legal theory, namely that when I go to a McDonalds restaurant in the town of Bradford, Massachusetts, operating under Federally registered trademarks and service marks and order food, I should not be served with food containing a chicken bone contaminant that caused me to choke to the point where a Heimlich maneuver was necessary to dislodge the chicken bone from my throat. I had gone to McDonald's because of what I believed was the reputation of the McDonald's .restaurant chain for serving wholesome food

16. There are no bald assertions, unsupportable conclusions or opprobrious epithets in my case.

17. McDonald's acknowledges that "*pro se* complaints are **interpreted liberally** for the purposes of a Rule 12(b)(6) (emphasis added)", but states: "the **complaint** cannot be "hopelessly general" or state "naked conclusions (emphasis added)." There is nothing "hopelessly general" or stating "naked conclusions" in my complaints with Seven Counts setting forth factual allegations of the injuries I suffered as a result of my purchase and attempted consumption of a chicken fajita, purchased under the banner of the McDonald's trademarks and service marks.

18. McDonald's states: Notwithstanding .the legal standard applied to *pro sc* **complaints**, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ", a motion to dismiss will be

5

granted. There can be no doubt that I can prove a set of facts, as set forth in my complaint, that will show I am entitled to relief.

19. Since there can be no doubt that my complaint sets forth a meritorious cause of action, McDonald's limits its attack, improperly to Count VII despite the fact that the attack does not comply with Local Rule 7.1 or Rule 18, which required an answer to the second amended complaint within 10 days, and ignoring the fact that McDonald's never bothered to deal with the first amended complaint.

20. Nevertheless, McDonald's states: 'The Trademark Act of 1964, 15 U.S.C. § 1051 provides a cause of action to **one who is injured** when a person uses any word, term, name, symbol, or device, or any combination thereof, which is likely to cause confusion as to the origin, sponsorship, or **approval** of his or her goods. 15 U.S.C. § 1 125(a)(I)(A) (2005) (emphasis added)". There can be no doubt in this case that I went to McDonald's in reliance on the quality of the chicken fajita that I purchased there.

21. Although one purpose of the Lanham Act is to protect the owner of a trademark from unfair competition, that cannot be the only purpose. McDonald's admits: "The Lanham Trademark Act, under 15 U.S.C. § 1114, affords the trademark holder the **right to control the quality of the goods** manufactured and sold under its trademark (emphasis added)". Since the trademark owner has the right to control, his failure to control that results in injury must be actionable.

22. In 15 USC 1127 the Lanham Act clearly states: "The intent of this Act is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of

registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations".

23. Thus the Lanham Act clearly makes "actionable the deceptive and misleading use of marks in such commerce" and the sale of a defective consumer product under such mark is deceptive and misleading. It is incorrect for McDonald's to state: "Therefore, consumers do not have standing under the Lanham Act. see also 15 U.S.C. § 1127". 15 U.S.C. 1127 also seeks to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks.

24. There was fraud and deception by McDonald's of Bradford in using a copy of the registered mark of McDonalds to entice me into the establishment and purchase a chicken fajita.

25. Moreover, McDonald's exercised control over the products sold under its marks by determining what products could be offered as those of McDonalds. After the chiken fajita incident with me, McDonald's withdrew the chicken fajita item from its menus in all known stores.

26. There also was injury to a commercial or competitive interest since after purchasing the injurious fajita, I decided to go to a competitor for my next quick lunch.

27. Congress originally enacted the Lanham Act, including § 43(a) (which is codified at 15 D.S.C. § 1125(a)), in 1946 and amended it in 1988. This provision prohibits any use of a false or misleading description or representation in commercial advertising or promotion that "misrepresents the nature, characteristics, qualities, or geographic origin of. . . goods, services, or commercial activities."

**WHEREFORE**, I respectfully request that the Court deny the dismissal of Count VII of my second amended complaint because Count VII, taken with paragraphs 1-35 of the

second amended complaint, and this Declaration, states a claim on which relief may be granted; defendant's motion is untimely having been filed after defendant denied the allegations of Count VII; defendant did not answer the second amended complaint within the 10 day period provided by Rule 15; so that I am entitled to a default judgment.

                                                Respectfully Submitted,

                                                Ralph Lavin
                                                27 Haigh Avenue
                                                P.O. Box 1042
                                                Salem, NH 03 079-1042
                                                603-966-6026
                                                    Dated : November 8, 2005

## CERTIFICATE OF SERVICE

    I, Ralph Lavin hereby certify that I have this day forwarded a copy of the above document, to the following, by first-class mail, postage prepaid, to:

                                    William J. Flanagan BBO No. 556598
                                    Curtis L.S. Carpenter BBO No. 657358
                                    MORRISON MAHONEY LLP
                                    250 Summer Street
                                      Boston, MA 02110
                                  Attorneys for the Defendant,
                                    Colley/McCoy MA Co

Date: 11/ 08/ 05                 _____
                                      Ralph Lavin