UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,<br>      Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br>COLLEY/MCCOY MA CO., AKA<br>MCDONALD'S OF BRADFORD,<br>MASSACHUSETTS, PETER NAPOLI,<br>SAL NAPOLI, RICHARD MCCOY, AND<br>GOLDEN ARCH, INC.,<br><br>      Defendants. | CIVIL ACTION NO.: 05-11055DPW |

**THE DEFENDANTS' STATUS REPORT**

NOW COME the defendants in the above-referenced matter, who file the following status report, pursuant to the Court's October 10, 2005 Scheduling Order.

**I.  BACKGROUND**

The above-entitled matter involves a *pro se* plaintiff who alleges that on May 28, 2003, he choked on a chicken bone he found in a fajita purchased at the McDonald's Restaurant in Bradford, Massachusetts. The defendants in this matter are the McDonald's Corporation, and its franchisee, Colley/McCoy MA Co. Colley/McCoy MA Co. is a Massachusetts general partnership, which on May 28, 2003 consisted of Peter Napoli, Sal Napoli, Richard McCoy and Golden Arch, Inc.

The plaintiff, who alleges no medical expenses and only one-half day in lost wages, nonetheless seeks $1,000,000.00 in damages for the pain, suffering, and emotional distress he claims to have suffered as a result of a six-second choking episode.

**II.  PENDING MOTIONS**

The defendants have filed two motions to dismiss, which remain pending. The defendants initially moved to dismiss the plaintiff's complaint on the grounds that the amount

986044v1

in controversy does not reach the jurisdictional amount required in diversity cases. See 28 U.S.C. § 1332 (2005). After the plaintiff attempted to amend his complaint to include a new federal question involving the Lanham Act, the defendants moved to dismiss that claim as well.

The plaintiff's original complaint concerned matters solely of state tort and contract law. While there appeared to be complete diversity between the parties, the plaintiff failed to identify damages in excess of the $75,000.00 jurisdictional threshold. The plaintiff has acknowledged that his lost wage claim is for less than a single lost day of work. The plaintiff acknowledges that he has incurred no medical expenses as a result of the subject incident. By any objective standard, the plaintiff cannot possibly expect to recover an amount even approaching the jurisdictional threshold. As such, the defendants' moved to dismiss pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

Subsequent to the filing of the defendants' first motion to dismiss, the plaintiff filed (without leave of Court) an amended complaint. This amended complaint corrected a misnomer that had existed in the original complaint regarding the identity of the defendant franchisee. Additionally, the amended complaint also attempted to create a federal question by alleging a violation of the Lanham Act, 15 U.S.C. § 1051. However, case law is clear that the Lanham Act, also known as the U.S. Trademark Act, does not create a consumer based cause of action upon which the plaintiff may rely. Consequently, the defendants moved pursuant to F.R.C.P. 12(b)(6) that this claim be dismissed for failing to identify a cause of action upon which relief can be granted.

### III.  CONCLUSION

The defendants respectfully request that the Court rule in their favor with respect to both pending motions. Because the Lanham Act does not create a consumer based cause of action, the plaintiff's Lanham Act claim must be dismissed. Without a claim grounded in

986044v1

federal law, the Court's only basis of subject matter jurisdiction is diversity of citizenship. However, it is a legal certainty that the plaintiff's claim is really for less than the $75,000.00 jurisdictional amount required in diversity cases. As such, the plaintiff's remaining claims must be dismissed for lack of subject matter jurisdiction.

Respectfully Submitted,
The Defendants,
By and through their attorneys,

/s/ *Curtis L.S. Carpenter*

_____
William J. Flanagan BBO No. 556598
Curtis L.S. Carpenter BBO No. 657358
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02110
617-737-8829

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 23, 2006.

/s/ *Curtis L.S. Carpenter*

_____
Name, BBO No. 657358

3

986044v1