```
                                              FILED
                                         IN CLERKS OFFICE

                                         2006 MAR 28  A 11: 35
```

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN, <br>     Plaintiff, <br> v. <br> MCDONALD'S CORPORATION, <br> COLLEY/MCCOY MA CO., AKA <br> MCDONALD'S OF BRADFORD, <br> MASSACHUSETTS, PETER NAPOLI, <br> SAL NAPOLI, RICHARD MCCOY, AND <br> GOLDEN ARCH, INC., <br>     Defendants | CIVIL ACTION NO.: 05-11055DPW |

**OBJECTION BY THE PLAINTIFF TO
THE DEFENDANTS' STATUS REPORT**

NOW COMES the plaintiff, Ralph Lavin ("Lavin") in the above-referenced matter, who files the following objection to the February 27, 2006 status report of the defendants, filed pursuant to the Court's October 10, 2005 Scheduling Order.

**I.   BACKGROUND**

The above-entitled matter involves a chocking incident on a chicken bone that occurred on May 28, 2003, after Lavin purchased a chicken fajita at a restaurant in Bradford, Massachusetts (aka McDonalds of Bradford) operating under the Federally registered trademark "McDonalds". As Lavin began to eat the chicken fajita sandwich a chicken bone from the sandwich became lodged in Lavin's throat, causing Lavin pain and suffering. The chicken bone had to be dislodged from Lavin's throat by the use of a Heimlich maneuver.

Lavin promptly reported the incident to McDonalds of Bradford. When no action was

taken on the matter, Lavin brought suit in this Court against McDonalds of Bradford and, since McDonalds of Bradford was operating under the Federally register mark "McDonalds", Lavin also named in his complaint, the owner of the mark, McDonalds' Corporation.

At the original status conference attorney Carpenter, representing McDonalds Corporation objected that McDonalds of Bradford was not the correct name for the restaurant known as McDonalds of Bradford, and requested that McDonalds of Bradford be correctly identified. As a result, an amended complaint was filed naming, besides McDonald's Corporation, the acknowledged Franchisee of McDonald's Corporation in Bradford, Massachusetts: Colley/McCoy MA Co. Colley/McCoy MA Co., a Massachusetts general partnership, which on May 28, 2003 consisted of Peter Napoli, Sal Napoli, Richard McCoy and Golden Arch, Inc.

Because of the pain and suffering associated with the incident, and because punitive damages should be award for the impropriety of serving chicken fajita sandwiches on which a person could choke and suffer a fatality, Lavin seeks $1,000,000.00 in damages for his pain, suffering, and emotional distress, and punitive damages.

## II.    PENDING MATTERS

While Lavin promptly, and comprehensively, complied with the discovery requests of the defendants, there has been no such cooperation from the defendants. Defendant McDonalds replied to Lavin's first set of interrogatories by making non-responsive and evasive answers. This matter has been called to the attention of McDonalds' counsel but there has been no corrective action. This evasiveness has followed

McDonalds answers to Lavins' second set of interrogatories, which, in addition were not filed within the required 30 day period after service. The same objection applies to McDonalds response to Lavin's request for documents, the typical response being: "The defendant, McDonald's Corporation, objects to Request No. 1 on grounds that it is vague, Overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."

Instead of complying properly with Lavin's discovery requests, the defendants have filed two motions to dismiss. The defendants initially moved to dismiss on the ground that the amount in controversy does not reach the jurisdictional amount required in diversity cases. This is case where all parties have requested a jury trial. In our system of justice the right to a jury trial is so important that the Seventh Amendment to our Constitution guarantees a jury trial where the amount in controversy is $20.00 more. But aside from the Constitution, could not a reasonable jury find the pain and suffering associated with choking from a chicken bone in a fajita sandwich that should not have contained such a bone merits an award of at least $75,000.00

The defendants objected to the inclusion by Lavin of Federal Lanham act violation in Lavin's amended complaint, and object that the amended complaint was filed without leave of court, forgetting that their counsel specifically requested the filing of amended complaint in order to meet his request for a different identification for McDonalds of Bradford.

Since the chicken fajita that caused the problem was sold under the Fede4rally registered "McDonald's" mark, and since a franchisor is responsible for the nature and quality of the goods sold under his mark, it was appropriate to name the parent franchisor in the case as well.

The defendants have acknowledged that the amended complaint was filed (at their counsel's request) to correct an alleged "misnomer that had existed in the original complaint regarding the identity of the defendant franchisee". The defendants now complain that the amended complaint "also attempted to create a federal question by alleging a violation of the Lanham Act, 15 U.S.C. § 1051". The defendants go on to claim that "case law is clear that the Lanham Act, also known as the U.S. Trademark Act, does not create a consumer based cause of action upon which the plaintiff may rely" WITHOUT CITING ANY CASE LAW. It seems to Lavin that the owner of a trademark is responsible for the nature and quality of the goods sold under his mark, and if the mark is registerd under the Federal Lanham Act, .the sale of a defective product under the mark that could cause potential harm, and even death, is actionable under the Act that protects such a registration..

III.    CONCLUSION

Lavin respectfully requests that the Court order the defendants to provide proper responses to Lavin's interrogatories and requests for documents, and that the court recognize that a Lanham act claim can be made when defective goods that cause injury are offered under a Federally registered mark. Lavin also requests that the Court recognize that a jury, which has been requested by all parties, should be given the opportunity assess the pain and suffering that Lavin has sustained with the result that a reasonably prudent jury could well award damages, including punitive damages in the amount of at least $75,000.

5

Respectfully Submitted,
The Plaintiff

Ralph Lavin
P.O. Box 1042
Salem, NH 03079
603-659-6169

## CERTIFICATE OF SERVICE

I, Ralph Lavin, hereby certify that I have this day forwarded a copy of the OBJECTION BY THE PLAINTIFF TO THE DEFENDANTS' STATUS REPORT, to an attorney of record for each party, by first-class mail, postage prepaid.:

Ralph Lavin

5