UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH LAVIN,                                      )<br>                    Plaintiff,            )<br>                                                          )<br>v.                                                        )<br>MCDONALD'S CORPORATION,       )<br>COLLEY/MCCOY MA CO., AKA        )<br>MCDONALD'S OF BRADFORD,          )<br>MASSACHUSETTS, PETER NAPOLI,  )<br>SAL NAPOLI, RICHARD MCCOY, AND )<br>GOLDEN ARCH, INC.,                       )<br>                                                          )<br>                    Defendants.           ) | CIVIL ACTION NO.:  05-11055DPW |

## THE DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION TO VACATE DISMISSAL OF THE COMPLAINT

NOW COME the defendants in the above-referenced matter, who file their opposition to the plaintiff's Motion to Vacate Dismissal of the Complaint. As grounds of this opposition, the defendants state that, contrary to the allegations contained in the plaintiff's motion, dismissal of the plaintiff's complaint was based upon the Court's consideration of the merits of the defendants' motions to dismiss, and not the plaintiff's failure to attend a Status Conference. As further grounds for this opposition, the defendant contends that the seven months and sixteen days between the date of the Court's Order of Dismissal and the filing of the plaintiff's motion to vacate is an unreasonable delay under F.R.C.P. Rule 60(b).

## I.    BACKGROUND

This matter involves a *pro se* plaintiff who alleged that on May 28, 2003, he choked on a chicken bone he found in a fajita purchased at the McDonald's Restaurant in Bradford, Massachusetts. The defendants were the McDonald's Corporation, and its franchisee, Colley/McCoy MA Co. Colley/McCoy MA Co. is a Massachusetts general partnership, which on May 28, 2003 consisted of Peter Napoli, Sal Napoli, Richard McCoy and Golden Arch, Inc.

The defendants filed two motions to dismiss.  The defendants initially moved to dismiss on the grounds that the amount in controversy did not reach the jurisdictional amount required in diversity cases.  See 28 U.S.C. § 1332 (2005).  After the plaintiff attempted to amend his complaint to include a new federal question involving the Lanham Act, the defendants moved to dismiss that claim as well.

The plaintiff's original complaint concerned matters solely of state tort and contract law.  While there appeared to be complete diversity between the parties, the plaintiff failed to identify damages in excess of the $75,000.00 jurisdictional threshold.   The plaintiff acknowledged that he incurred no medical expenses and only a single day of lost wages as a result of the subject incident.  Because the plaintiff could possibly expect to recover an amount approaching the jurisdictional threshold, the defendants' moved to dismiss pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

Subsequent to the filing of the defendants' first motion to dismiss, the plaintiff filed (without leave of Court) an amended complaint.  This amended complaint attempted to create a federal question by alleging a violation of the Lanham Act, 15 U.S.C. § 1051.  However under existing case law, the Lanham Act, also known as the U.S. Trademark Act, did not create a consumer-based cause of action upon which the plaintiff could rely.   Consequently, the defendants moved pursuant to F.R.C.P. 12(b)(6) that this claim be dismissed for failing to identify a cause of action upon which relief could be granted.

On October 10, 2005, the Court entered a Scheduling Order, by which the parties were required to return to Court for a Further Status Conference to be held on March 2, 2006.  While the plaintiff did not appear, this Conference went ahead as scheduled.  During this conference, the Court would rule in favor of the defendants on both outstanding motions, thus dismissing the plaintiff's complaint in its entirety.

## II.    ARGUMENT

Dismissal of the plaintiff's complaint at the March 2, 2006 Status Conference was based upon the merits of the defendants' motions to dismiss, not the plaintiff's failure to attend.  The plaintiff's failure to appear in no way affected the outcome, as the Court had both parties' filings, including the plaintiff's oppositions, which included all relevant arguments.

Furthermore, under F.R.C.P. Rule 60(b), a motion seeking relief from a judgment or order, on grounds of mistake, inadvertence or excusable neglect, must be made "within a reasonable time."  The defendants contend, that under the circumstances, the seven months and sixteen days between the entry of the Court's Order of Dismissal and the filing of the plaintiff motion to vacate, is clearly unreasonable.  While the plaintiff alleges that he never received the Court's October 10, 2005 Scheduling Order or the Court's March 2, 2006 order of dismissal, clearly a party has an obligation to both the Court and his opposing parties to inquiry about the status of their case with greater frequency than once every 230 days.

Finally, because Rule 60(b) is a vehicle for "extraordinary relief," motions invoking the rule should be granted "only under exceptional circumstances."  Torre v. Continental Ins. Co., 15 F.3d 12, 14-15 (1st Cir. 1994) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)).  The defendants contend that in no way do the facts of this case present "exceptional circumstances."

## III.    CONCLUSION

For the foregoing reasons, and in the interest of justice, the defendants respectfully request that the Court deny the plaintiff's Motion to Vacate Dismissal of the Complaint, and allow said dismissal to remain final.

3

Respectfully Submitted,
The Defendants,
By and through their attorneys,


/s/ *Curtis L.S. Carpenter*

_____
William J. Flanagan BBO No. 556598
Curtis L.S. Carpenter BBO No. 657358
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02110
617-737-8829


<u>Certificate of Service</u>

I hereby certify that this document filed
through the ECF system will be sent
electronically to the registered
participants as identified on the Notice
of Electronic Filing (NEF) and paper
copies will be sent to those indicated as
non-registered participants on October
30, 2006.


/s/ *Curtis L.S. Carpenter*

_____
Name, BBO No. 657358

4