UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 NOV -9 P 4: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

---
RALPH LAVIN,
        Plaintiff,


v.
MCDONALD'S CORPORATION,
COLLEY /MCCOY MA CO., AKA
MCDONALD'S OF BRADFORD,
 MASSACHUSETTS, PETER NAPOLI,
 SAL NAPOLI, RICHARD MCCOY, AND
GOLDEN ARCH, INC.,

Defendants.
---

) ) ) ) ) ) ) ) ) ) ) ) ) ) )

CIVIL ACTION NO.: 05-11055DPW

## REPLY OF THE PLAINTIFF, RALPH LAVIN, THE OPPOSITION BY DEFENDANTS TO THE PLAINTIFF'S MOTION TO VACATE DISMISSAL OF THE COMPLAINT

NOW COMES the plaintiff, Ralph Lavin ("Lavin") in the, above-referenced matter, who files his reply to the opposition by defendants to Lavin's plaintiff's Motion to Vacate Dismissal of the Complaint because Lavin never received notice of the Scheduling Conference and never re eived a copy of the dismissal of his complaint

As grounds of this reply, dismissal of Lavin'.s complaint could not have been based upon the Court's consideration of the merits of the defendants' motions to dismiss, since Lavin's failure to attend a Status Conference for which he had not received notice prevented him from demonstrating to the court the merits of his position.

The defendants further state, as grounds for their opposition, that the seven months and sixteen day, i.e. less than one year, between the date of the Court's Order of Dismissal, for which Lavin never received a copy, and the filing of Lavin's motion "is an unreasonable delay under F.R.C.P. Rule 60(b)". The defendants make this statement even though Rule 60(b)

1

provides a one year limit.

## I. COUNTER STATEMENT OF BACKGROUND

This matter involves plaintiff Lavin, who has declared, subject to the pains and penalties for perjury, that on May 28,2003, he choked to the point of unconsciousness on a chicken bone he found in a chicken fajita purchased at the McDonald's Restaurant in Bradford, Massachusetts, which discontinued the fajita offering after this incident.

The defendants are the McDonald's Corporation, and its Golden Arch, Inc subsidiary, along with their franchisee, Colley/McCoy MA Co. Colley/McCoy MA Co. is a Massachusetts general partnership, which on May 28,2003 consisted of Peter Napoli, Sal Napoli, Richard McCoy. The franchisee operates under the Federally registered trademarks of McDonalds Corporation, under which there is an obligation of responsibility for the nature of the quality of the goods and services provided under the Federally registered mark

The defendants filed two motions to dismiss. The defendants initially moved to dismiss, which were acted upon until the Scheduling Conference for which Lavin never received notice. The first motion was on the grounds that the amount in controversy did not reach the jurisdictional amount required in diversity cases. See 28 D.S.C. § 1332 (2005).    This was done dispite the fact that our Federal Constitution provides for a jury right where the amount in controversy exceeds a small amount, as to which Lavin's injuries surely qualify

After the Lavin amended his complaint to include a federal question involving the Lanham Trademark Act, under which the defendants are responsible for the nature and quality of the goods sold under a Federally register trademark, the defendants moved to dismiss that claim as well.

The defendants complain that Lavin failed to identify damages in excess of $75,000.00 notwithstanding the jurisdictional amount provided in the United States Constitution.

2

Lavin surely expects to recover the amount specified in the Constitution. Moreover, the amount is to be decided by a jury and not by the defendants. Consequently the motion to dismiss pursuant to F.R.C.P.12(b)(1) for lack of subject matter jurisdiction should have been denied.

Subsequent to the filing of the defendants' first motion to dismiss, Lavin filed an amended complaint because of the violation of the Federal Lanham Trademark Act, 15 D.S.C. § 1051. Lavin disagrees that the Lanham Act does not create a consumer-based cause of action upon which the plaintiff can rely.

Consequently, the motion of the defendants pursuant to F.R.C.P. 12(b)(6), that the Lanham Act claim be dismissed for failing to identify a cause of action upon which relief could be granted, **should have been denied**.

On October 10, 2005, the Court entered a Scheduling Order, **a copy of which was never received by Lavin**, by which the parties were to return to Court for a Further Status Conference to be held on March 2, 2006. Lavin did not appear because he never received notice. Nevertheless, the Conference went ahead, and the ruled in favor of the defendants, without a written opinion, on both outstanding motions, thus dismissing Lavin's complaint in its entirety. **Lavin never received a copy of the dismissal either**.

## II. COUNTER ARGUMENT

Dismissal of the plaintiff s complaint at the March 2, 2006 Status Conference COULD NOT HAVE BEEN based upon the merits of the defendants' motions to dismiss. Lavin was clearly prejudiced by not being able to attd  not the plaintiffs failure to attend. The plaintiff s failure to appear in no wend WHERE HE HAD NOT RECEIVED NOTICE..

Furthermore, under F.R.C.P. Rule 60(b), a motion seeking relief from a judgment or order, on grounds of mistake, inadvertence or excusable neglect, must be made "not more than one year after the judgment, order or proceeding.

A delay of seven months and sixteen days between the entry of the Court's Order of Dismissal and the filing of the plaintiff motion to vacate, is clearly LESS THAN ONE, aside from the fact that Lavin never had notice of the proceedings that led to the dismissal without any written opnion or notice to Lavin.

**Accordingly this is an exceptional circumstances.**" <u>Torre v. Continental Ins. Co.,</u> 15 F.3d 12, 14-15 (1st Cir. 1994) <u>(quoting Lepore v. Vidockler,</u> 792 Fold 272, 274 (1st Cir.1986)).

### III. CONCLUSION

For the foregoing reasons, and in the interest of justice, Lavin respectfully requests that the Court grant Lavin's Motion to Vacate Dismissal of the Complaint

Respectfully Submitted,
The Plaintiff

/s/ *Ralph Lavin*

_____

---

### Certificate of Service

I hereby certify that this document will not be filed through the ECF system and paper copies will be sent to those indicated as non-registered participants on November 9, 2006

/s/ *Ralph Lavin*

_____