```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


RALPH LAVIN,                    )
     Plaintiff,                 )
                                )
          v.                    )    CIVIL ACTION NO.
                                )    05-11055-DPW
MCDONALD'S CORPORATION,         )
COLLEY/MCCOY MA CO., AKA        )
MCDONALD'S OF BRADFORD,         )
MASSACHUSETTS, PETER NAPOLI,    )
SAL NAPOLI, RICHARD MCCOY,      )
AND GOLDEN ARCH, INC.,          )
     Defendants.                )
```

MEMORANDUM AND ORDER
September 5, 2007

Ralph Lavin, the plaintiff in this closed case, moved, some eight months after the order closing the case was entered, to vacate the dismissal. He contends that he was not aware of the Scheduling Order setting the case for the scheduling conference at which the case was ordered dismissed.

Mr. Lavin asserts that his alleged failure to "receive[] a copy of the Scheduling Order [was the reason] why he failed to attend the conference that resulted in dismissal of my case" and that "dismissal of Lavin's complaint is said [by whom is not stated] to be based upon Lavin's failure to attend a status conference on 3/2/2006."

Plaintiff's assumption that his absence from the scheduling conference was the proximate cause of the dismissal is

erroneous.[1]  As reflected in the stenographer's notes of the conference (which the plaintiff has apparently not sought to have reduced to a transcript), the case was dismissed because a federal court is without jurisdiction to entertain it.

First, I am satisfied to a legal certainty that the plaintiff's alleged momentary experience with a chicken bone in his fajita--an experience which generated no medical or other economic costs--would not as a matter of law support damages in excess of the federal court jurisdictional amount for diversity cases.

Second, the plaintiff's contrived effort to reconfigure the case as involving a federal trademark claim was spurious. Whether present or not, plaintiff, who submitted briefing in opposition to the motion to dismiss considered by the court before the dismissal was entered, is unable to establish any

---

[1] Moreover, I must note that I do not find plaintiff's assertion of lack of prior knowledge of the scheduling conference persuasive.  First, the receipt for the October 10, 2005 notice of the March 2, 2006 scheduling conference reflects that it was mailed to the address the plaintiff had provided to the court until his subsequent change of address notice on April 22, 2006. There was no return of the mailing to the court as customarily occurs when a piece of judicial mail is undeliverable.  Second, the Defendant's Status Report, submitted as required in advance of the March 2, 2006 scheduling conference, expressly states in its very first sentence that it was filed "pursuant to the Court's October 10, 2005 Scheduling Order."  The plaintiff, who plainly was served with the Status Report, responded (albeit belatedly) with a document of his own styled "Objection to Status Report."  It is difficult under the circumstances, even if one assumes that the plaintiff does not carefully read legal documents sent to him, to credit the proposition that the plaintiff did not know or could not have known about the scheduling conference before it was held.

grounds for maintaining this action in this court.

Accordingly, treating the plaintiff's unreasonably belated motion to vacate the dismissal as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and finding no good grounds anywhere in that rule for doing so, I hereby DENY plaintiff's motion.  The clerk shall see that a copy of this Memorandum and Order is sent to the plaintiff at his most recent address of record in Florida.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE